[No. 1173.   August 30, 1907.]

UNITED STATES OF AMERICA, Appellant, v. BENJAMIN H. TALLMADGE, ET AL, Appellees.

### SYLLABUS (BY THE COURT).

1. Members of the Grand Jury under our statutes will not be permitted to impeach an indictment duly found, returned in open court and filed as such, by testifying as to what was said by the prosecution officer while advising with them in his official capacity.

Appeal from the District Court of the Fifth Judicial District, before W. H. Pope, Associate Justice. Reversed and remanded.

W. H. H. Llewellyn, E. L. Medler and U. S. Bateman, for Appellant.

The evidence of grand jurors could not be received in any way to impeach their verdict or to testify as to any matters or things which had taken place before them. Ex parte Sontag, 2 Pac. (Cal.) 405; Compiled Laws, 1897, secs. 987 and 988; Burdick v. Hunt, 43 Ind. 381; Burnham v. Hatfield, 5 Blackf. (Ind.) 21; Way v. Butterworth, 106 Mass. 75; Sands v. Robinson, 12 Smed. & M. (Miss.) 704; Am. Dec. 132; Tindle v. Nichols, 20 Mo. 326; State v. Hamilton, 13 Nev. 386; Huidekoper v. Cotton, 3 Watts, (Pa.) 56; Jones v. Turpin, 6 Heisk.

(Tenn.) 181; People v. Lauder. 82 Mich. 132; Hooker
v. State, 56 At. Rep. (Md.) 392; Gitchell v. People,
146 Ill. 175, 33 N. E. 757, 37 Am. St. Rep. 147;
State v. Baker, 20 Mo. 338; State v. Grady, 84
Mo. 220; State v. Hamlin, 47 Conn. 114, 36 Am. Rep.
54; State v. Beebe, 17 Minn. 241 (Gil. 218); Simms v.
State, 60 Ga. 145; Creek v. State, 24 Ind. 151; State v.
Davis, 41 Iowa 311; U. S. v. Terry (D. C.), 39 Fed. 355;
Gregory v. State, 43 S. D. Rep. (Texas) 1017; Hall v.
State, 32 Southern Rep. (Ala.) 757; People v. Thomp-
son, 81 N. W. Rep. (Mich.) 346; 1 Greenleaf on Ev., sec.
252; 17 Am. & Eng. Enc. of Law (2d Ed.) 1294, 1295;
State v. Van Buskirk, 59 Ind. 384; McLellan v. Richard-
son, 13 Me. 82; Knott v. Sargeant, 125 Mass. 95; State v.
Johnson, 115 Mo. 480; Com. v. Twitchell, 1 Brews. (Pa.)
551.

"When the matters alleged in the plea in  abatement
filed by the defendant in a criminal case do not constitute
a legal defense the court properly refuses to hear evidence
in support of the same, although the state may have
joined issues on the facts." State v. Neild, 45 Pac. (Kan.)
623.

CATRON & GORTNER and J. M. HERVEY, for Appel-
lees; A. M. STEVENSON and DANIEL PRESCOTT, of counsel.

The prosecuting officer is not permitted to take any
part in the deliberations of the grand jury and is forbidden
from interfering with the free exercise of their functions.
Thompon & Merriam on Juries, secs. 597, 599; Compiled
Laws of 1897, sec. 986; Com. v. Crans., 2 Clark (Pa.) 184;
Turk v. State of Ohio, 7 Ohio, part 2, 242-3; State v.
Addison, vol. 2, Richardson's New Series, South Carolina,
364, 365; Rowland v. Commonwealth, 82 Pa. St. 406-
409; 1st Chitty Cr. Law 317; Wharton Cr. Law, 235;
Stattuck v. State, 11 Ind. 475-6; Lewis v. Comrs. 74 N.
Car. 194; U. S. v. Kilpatrick, 16 Fed. 770, 774; Ex parte
Crittenden, Federal Cases No. 3393; State v. Aleck, 41
La. 83; Commonwealth v. Fry, 11 Pa. Cr. Rep. 523; Com-
monwealth v. Bradley, 106 Pa. St. 205.

The testimony of grand jurors or other persons pres-

U. S. v. Tallmadge.

ent in the grand jury room as to the misconduct of the prosecuting attorney or misconduct of the grand jury is admissible to prove such facts.   Compiled Laws, sec. 981; Thompson & Merriam on Juries, sec. 448, chapter 33; U. S. v. Farrington, 5 Fed. 341-348; Low's case, 4 Greenleaf 439; U. S. v. Cooledge, 2 Gall. 363; Burdict v. Hunt, 43 Ind. 381; Sikes v. Dunbar, 2 Wheat. Sel. N. P. 1091; Huidekoper v. Cotton, 3 Watts 56; Thomas v. Commonwealth, 2 Robinson (Va.) 795; State v. Offutt, 4 Blatchf. 335; State v. Fassett, 16 Conn. 457; Commonwealth v.Hill, 11 Cush. 137; State v. Broughton, 7 Iredell 96; Way v. Butterworth, 106 Mass. 75; Burdick v. Hunt, 43 Ind. 381; The People v. Shattuck, 6 Abb. N. C. 34; Commonwealth v. Mead, 12 Gray 167; 1 Greenleaf Ev. 252; Freeman v. Arkell, 1 Car. and P. 135, 137; U. S. v. Cobban, 127 Fed. 713; U. S. v. Edgerton, 80 Fed. 373; Lewis v. Commissioner, 74 N. C. 194; Mattox v. U.S., 146 U.S. 140, Lawyers' Co-operative Book 36, page 920; U. S. v. Reid, 53 U. S., 12 How. 361; Perry v. Bailey, 12 Kan. 539; Woodward v. Leavitt, 107 Mass. 453; Wright v. I. & M. Tel. Co., 20 Iowa 195; U. S. v. Biena, 8 N. M. 102; U. S. v. Spencer, 8 N. M. 66.   The following cases cited by appellant reviewed: Ex parte Sontag, 2 Pac. (Cal.) 405; People v. Lander, 46 N. W. (Mich.) 959; People v. Thompson, 81 N. W. (Mich.) 346, Burdick v. Hunt et al, 43 Ind. 389; Burnham v. Hatfield, 5 Blackf. 21; Shattuck v. The State, 11 Ind. 473; Wray v. Butterworth, 106 Mass. 76; Commonwealth v. Mead, 12 Gray 167; Tindal v. Nichols, 20 Mo. 326; Jones v. Terpin, 6 Heiskell, 53 Tenn. 185; Gitchell v. Illinois, 146 Ill. 175; State v. Baker, 20 Mo. 338; State v. Grady, 84 Mo. 220; State v. Hamlin, 47 Conn. 114; State v. Beebe, 17 Minn. 241; Simms v. State, 60 Ga. 145; Hooker v. State, 56 Atl. 392 (Md.); State v. Johnson, 22 S. W. 464 (Mo.); Compiled Laws 1897, secs. 987 and 988.

### OPINION OF THE COURT.

MANN, J.—At the November, 1905, term of the District Court of the Fifth Judicial District, sitting for the trial of causes arising under the Constitution and

Laws of the United States, the defendants were indicted upon various charges concerning the public lands of the United States, charging conspiracy to defraud the Government, perjuries, subornation of perjury and other offenses of like nature, the indictments being numerous but all relating to like transactions referring to certain land entries and proofs under the laws of the United States. To some or all of the indictments, appellees filed pleas in abatement, setting up the specific grounds, to some of which grounds demurrers were interposed and sustained by the Trial Court and upon the remaining issues, appellant made answer and the issues thus formed were submitted to a jury. The issues thus tried consist of the alleged misconduct of the United States District Attorney:

1st. In urging to and upon the grand jury that the interests of the government of the United States required and demanded that said grand jury should find an indictment against said defendants.

2nd. That he stated to said Grand Jury that the evidence theretofore considered by them was amply sufficient upon which to find indictments against said defendants.

3rd. That he stated to said Grand Jury that if they did not find and return a true bill or true bills against said defendants, upon the evidence theretofore given before them, that he, the said Llewellyn, would have the Grand Jury dismissed.

Upon the trial of these issues the court permitted members of the Grand Jury to testify as to what was said by the United States District Attorney in the Grand Jury room, in fact the sole evidence upon the issues raised by the plea was the evidence given by the Grand Jurors and by the United States District Attorney.

This evidence was admitted over the objection and protest of the United States and exceptions to the court's rulings upon the admission of such evidence were duly taken at the time.

The jury found for the appellees as to all the indictments. A motion for a new trial was heard and sustained

as to certain indictments and overruled as to others, and final judgment rendered against the United States abating the indictments, from which judgment the United States appeals.

We do not deem it necessary to discuss but one of the questions of law raised by the assignment of error and discussed by counsel in their briefs, as we think it controlling under the circumstances of this case. If the members of the Grand Jury and the District Attorney are competent witness to the transactions and occurrences concerning which they testified in this case, then the verdict of the jury on the issues joined could not be disturbed.

Sec. 986 of the Compiled Laws provides: The Grand Jury may, at all reasonable times, ask the advice of the court, the attorney general or the district attorney of the county, and whenever required by the Grand Jury it shall be the duty of the district attorney of the county to attend them for the purpose of framing indictments, or of examining witnesses in their presence but no district attorney, sheriff or other person shall be permitted to be present during the expression of opinions, or giving of their votes upon any matters before them.

Sec. 987 provides that every member of the Grand Jury must keep secret whatever he himself, or any other Grand Juror may have said or in what manner he or any other Grand Juror may have voted, on a matter before them, and provides a penalty for a violation of such provisions.

Sec. 988, provides that a Grand Juror may however be required by the court to disclose the testimony of any witnesses examined before the Grand Jury, for the purpose of ascertaining whether it is consistent with that given before them, by any other person, upon a charge against him for perjury, or in giving his testimony, or upon his trial thereof.

The foreman and each member of the Grand Jury, before entering upon their duties as such are required by law to take an oath that they will diligently inquire and true presentment make of all public offences against the people of the United States or this Territory, committed

or triable in this county, of which they shall have or obtain legal evidence, that they shall present no person through malice, hatred, or ill will; nor have any unpresented through fear, favor, or affection, or for any reward or promise or hope thereof; but that in all their presentments or indictments they shall present the truth, the whole truth and nothing but the truth, according to the best of their skill and understanding.

The law also makes it imperative upon the court to instruct the Grand Jury as to the nature of their duties as such and provides that their indictments when found must be returned by them in open court and the indictments must be filed with the clerk of the court and remain in his office as a public record.

It is a serious question then, whether indictments so found, presented and filed may be impeached by members of the Grand Jury, for such impeachment would involve the testimony under oath of a Grand Juror that he and his fellow jurors had violated another oath, solemnly administered, by voting a true bill upon other considerations besides legal evidence and that the indictment which had been solemnly presented and filed as a public record, did not present the truth, the whole truth and nothing but the truth according to their skill and understanding.

It is a principle well established by eminent authorities that where there are statutory provisions (such as ours above quoted) prescribing the instances in which Grand Jurors may testify as to what occurred before them, such statutes are exclusive and Grand Jurors may testify in no other than the prescribed cases. 17 Am. and Eng. Enc. of Law, 1295; People v. Thompson, 122 Mich. 413; People v. Lauder, 82 Mich. 109; State v. Johnson, 115 Mo. 480; Tindel.v. Nichols, 20 Mo. 326; State v. Baker, 20 Mo. 339; State v. Hamilton, 13 Nev. 387; Hall v. State, 134 Ala. 91.

"At common law a Grand Juror could not ordinarily become a witness as to facts occurring or testified to in the sessions of the Grand Jury, but by modern statutes this disability has been removed to some extent." 1 Elliott on Evidence, Sec. 641, citing numerous authorities.

U. S. v. Tallmadge.

The only exceptions to the common law rules made by our statutes are those contained in Sec. 988, and the evidence offered in the trial of the plea in abatement did not come within these exceptions. That the common law prevails in this jurisdiction, where it is applicable to conditions, except where it has been abrogated by statutes, has been well settled by this court.

In Hall v. State, 134 Ala. 90, a case very similar to the case at bar, where the District Attorney was accused of using language to about the same effect as is alleged was used by the United States District Attorney, in this case, the court says, at page 113: "Certainly to permit a Grand Juror to testify that one or more of the jury did not vote for the finding of the bill of indictment *or matters influencing the action of members of the Grand Jury* would be not only a violation of his oath as a Grand Juror, but would be destructive and subversive of the Grand Jury as an institution of our judicial system and destruction of that security of freedom of thought and action, and, therefore, of that independence so absolutely essential to the faithful discharge of the duties imposed upon that body, which if impaired or destroyed would be fatal to a vigorous administration of the criminal law. Proffat on Jury Trial 89; 17 Am. and Eng. Enc. of Law, (2d Ed.) 1295; State v. Johnson, 115 Mo. 480; Elbin v. Wilson, 33 Md. 135; People v. Thompson, 81 N. W. Rep. (Mich.) 344; Ex parte Sontag, 64 Cal. 525."

The judgment of the court below, is reversed and the cause remanded for a new trial on the issues raised by the plea in abatement.