## JOHN WELLS v. STATE OF MISSISSIPPI.

### [51 South. 209.]

CRIMINAL LAW AND PROCEDURE. *Murder. Failure of accused to testify. Code* 1906, § 1918. *Harmless error.*

    In the trial of a murder case it is error for the prosecuting attorney to prove by the defendant, when a witness in his own behalf, that he did not testify at his preliminary trial, since Code 1906, § 1918, provides that a defendant's failure to testify when prosecuted for crime shall not operate to his prejudice, but the error will not require the reversal of a conviction where defendant's guilt is clearly proved.

FROM the circuit court of Warren county.

HON. JOHN N. BUSH, Judge.

Wells, appellant, was indicted, and tried for and convicted of the murder of one Margaret Welburn, sentenced to suffer death, and appealed to the supreme court. The opinion of the court sufficiently states the facts of the case pertinent to the decision made in the cause.

*R. L. C. Barrett* and *Theodore McKnight, Jr.,* for appellant.

The glaring error of the lower court, in allowing the district attorney to ask appellant if he testified in the committing trial over defendant's objection, and to ask him if he made a statement in the committing trial, all over the objection of defendant requires a reversal and that the appellant be given a new trial. *Bunckley v. State,* 77 Miss. 540, 27 South. 638; *Smith v. State,* 90 Miss. 111, 43 South. 465; *Boyd v. State,* 84 Miss. 414, 36 South. 525.

*George Butler,* assistant attorney-general, for appellee.

The appellant is so clearly guilty that it must be manifestly prejudicial error, indeed, to work a reversal. The only semblance of error to be found in the record is the improper inquiry by the district attorney of the accused, when on the witness stand, whether he testified on his preliminary trial.

The cases of *Bunckley v. State,* 77 Miss. 540, 27 South. 638; *Smith v. State,* 90 Miss. 111, 43 South. 465, and *Boyd v. State,* 84 Miss. 414, 36 South. 525, are cited by appellant.

The *Bunckley case* extended the statute to the extreme limit, but it will be noted that there the state was permitted to prove affirmatively, by several witnesses, that Bunckley had not, on his trial in the justice court, accounted for the possession of the recently stolen property, and in the *Boyd case* the state was permitted to show affirmatively that Boyd did not testify before the justice of the peace; he did not go on the stand voluntarily; and even under these circumstances the court was divided on the proposition. In the *Smith case,* the *Boyd case,* and the *Bunckley case* were not referred to as authority; and it will appear on examination of the record that the holding was based on the special and peculiar facts of that case. But, however the ruling, certainly the questions and answers under review did not appear, at the time they were asked and answered, to be erroneous. If he had testified in the committing trial,

the questions and answers were perfectly competent, and whether he had or not could not be known in advance; and as soon as it did appear no further questions were asked on the point.

Argued orally by *George Butler*, assistant attorney-general, for appellee.

SMITH, J., delivered the opinion of the court.

Appellant, having been convicted in the court below of murder and sentenced to death, appeals to this court.

Appellant testified as a witness in his own behalf, and on cross-examination was asked the following questions: "Q. You were before Judge Wagoner in the committal trial of this case? A. Yes, sir. Q. Did you testify in that trial? A. No, sir. Q. Make any statement? (Objected to. Objection overruled, and the defendant then and there excepted to the ruling of the court.) Q. Did you testify before Judge Wagoner? A. No, sir." The action of the court in permitting these questions to be propounded to appellant is assigned as error. Section 1918 of the Code of 1906 is as follows: "The accused shall be a competent witness for himself in any prosecution for crime against him; but the failure of the accused, in any case, to testify shall not operate to his prejudice or be commented on by counsel." The appellant having taken the stand in his own behalf, and told his story to the jury, the mere fact that he failed to testify in his own behalf before the magistrate could not have operated to his prejudice. No comment thereon was made by counsel. He simply asked the questions, obtained the answers, and referred to the matter no further.

On the evidence the question of appellant's guilt is not open even to the suggestion of a doubt. The jury could not have rendered any other verdict. These questions ought not to have been asked, but in this instance no reversible error was com-

mitted thereby. The cases of *Bunckley v. State,* 77 Miss. 540, 27 South. 638, and *Boyd v. State,* 84 Miss. 416, 36 South. 525, are not necessarily in conflict with the views herein expressed, for the reason that the appellants therein may have been prejudiced by the matters therein complained of. The case of *Smith v. State,* 90 Miss. 111, 122 Am. St. Rep. 313, 43 South. 465, in so far as it conflicts herewith, is hereby overruled.

There being no error in the other matters assigned as such, the judgment of the court below is affirmed, and Friday, March 11th, is fixed as the date for the execution of the sentence.

*Affirmed.*