## ARNOLD PATTERSON *v.* STATE.

[63 South. 667.]

CRIMINAL LAW. *Harmless error. Admission of evidence. Statements of accused.*

Where it affirmatively appears from the whole record that a verdict of guilty has not resulted in a miscarriage of justice, the supreme court on appeal in accordance with rule eleven of that court will not reverse the judgment although evidence was admitted for the state on the trial, of questionable propriety.

APPEAL from the circuit court of Yalobusha county.

HON. N. A. TAYLOR, Judge.

Arnold Patterson was convicted of murder and appeals.

The facts are fully stated in the opinion of the court.

*Creekmore & Stone,* attorneys for appellant.

*Frank Johnston,* assistant attorney-general, for the state.

Argued orally by *W. I. Stone,* for appellant and *Frank Johnston,* assistant attorney-general, for the state.

REED, J., delivered the opinion of the court.

Arnold Patterson was convicted on a charge of murder and sentenced to the penitentiary for life. He stabbed Manse Thompson twice with a knife. The first thrust entered Thompson's thigh and the second his side, and immediately after the second stab he fell to the ground and expired. The homicide occurred in the presence of a great number of witnesses. It is in testimony that appellant was the aggressor when he stabbed deceased, and that the deceased did not have in his hand or on his person any pistol or other weapon during the encounter in which he was killed. There is ample evidence to sustain the jury's verdict of guilty.

Appellant assigns as error the action of the trial court in admitting as evidence a conversation between A. I. Shaw, deputy sheriff, and appellant, which took place shortly after appellant's arrest and while he was being taken by the officer from the place of his arrest to the jail of Yalobusha county, where the homicide occurred. The following is the conversation complained of: "Q. Now you say that you brought the prisoner from Winona? A. Yes, sir. Q. I will ask you if the defendant made any statements to you with reference to the killing while bringing him back? Please state it to the jury. (Thereupon counsel for the defendant objects as stated above. Objection overruled. Exception.) A. He asked me what the people said about it somewheres between here and Winona, and I told him that they claimed he runned him down and cut him to death. He said then that he only cut him twice, once on the gallery and once after he left the gallery. Q. If you had any further conversation

about the killing with him, state what it was. A. Yes, sir; only he gave me a knife. Q. With reference to this conversation, I will ask you whether or not you held out any inducement to him to make him engage in this conversation. A. None at all.''

We note the reference by appellant's counsel to the case of *Jackson* v. *State*, 63 So. 235; but we do not see in the case at bar any prejudicial error to appellant in permitting the witness to relate the conversation.

It affirmatively appears to us, from a consideration of the whole record, that the verdict of guilty has not resulted in a miscarriage of justice in this case, and therefore, in accordance with rule 11 of this court, the judgment herein will not be reversed because of the assignments of error by appellant.

*Affirmed.*