HOUSE v. STATE.

[83 South. 611, In Banc. No. 21053.]

CRIMINAL LAW. *Where guilt of defendant manifest improper remarks of district attorney not reversible error.*

Where on a trial for murder the guilt of the defendant was manifest from the evidence and the jury under their oaths could not have arrived at any other verdict than that of guilty, it was not reversible error for the district attorney in his argument to comment on the fact that the defendant did not testify through such comment was in violation of Code 1906, section 1918 (Hemingway's Code, section 1578) forbidding comment.

APPEAL from the circuit court of Pearl River county. HON. A. E. WEATHERSBY, Judge.

Diamond House was convicted of murder and appeals. The facts are fully stated in the opinion of the court.

*Currie & Smith,* for appellant.

*N. T. Currie,* Assistant Attorney-General, for the State.

No brief of counsel for either side found in the record.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction for murder, followed by a death sentence.

There is no merit in any of the assignments of error, only one of which will be here specifically noticed.

The appellant introduced no evidence, and it appears from a special bill of exceptions that a privately employed counsel, who was assisting the district attorney in the prosecution, used the following language in his argument to the jury:

"There are no eyewitnesses in this case, but Diamond House is responsible for that. There are two people living now who know how this happened. One of them came and told you."

Assuming for the sake of the argument that counsel for the appellant are correct in their contention that this language is a comment on the appellant's failure to testify, and violates section 1918, Code of 1906 (section 1578, Hemingway's Code), nevertheless we cannot reverse therefor for the reason that the appellant could not have been prejudiced thereby. His guilt is manifest from the evidence, and the jury could not, under their oaths, have arrived at any verdict other than one of guilty. *Wells* v. *State,* 96 Miss. 500, 51 So. 209.

Affirmed, and Friday, the 26th day of March, 1920, fixed as the day for the execution of the sentence.

*Affirmed.*