## LEWIS *v.* STATE.

[96 South. 169.   No. 23156.]

1. INDICTMENT AND INFORMATION. *Grand jurors not competent to impeach indictment by testifying to prosecuting attorney's advice.*
   Grand jurors are incompetent to testify as to what the prosecuting attorney advised them in the grand jury room for purpose of impeaching their indictment on motion to quash.

2. CRIMINAL LAW. *Error in admitting evidence harmless where not substantially prejudicial.*
   Any error in admitting evidence of previous difficulty between defendant and the person assaulted was harmless where it was not substantially prejudicial to defendant.

APPEAL from circuit court of Itawamba county.

HON. C. P. LONG, Judge.

Luther Lewis was convicted of assault with a deadly weapon, with intent to kill and murder, and he appeals. Affirmed.

*Leftwich & Tubb,* for appellant.

We submit that ever since the enactment of the statute found in the Code of 1857, page 614, article 252, which is now section 2203 Hemingway's Code, directly making provision that members of the grand jury may be called in court to testify as to its proceedings, the law has been practically well settled that a person accused of a felony had the right to offer members of the grand jury either on a motion to quash or plea in abatement (which used to be the remedy) to show improper influence brought to bear on the grand jury such as the intrusion of outside parties into the grand jury room and the substance and effect of statements made by these parties to induce the grand jury to return the indictment; and, in fact, the improper actions of the court or the district attorney or others, coax-

ing or influencing the grand jury to indict, as well as any and all other improper influences exerted upon the grand jury resulting in the indictment on trial.

The first case in Mississippi construing this statute, was *Rocco* v. *State,* 37 Miss. 357.   This case was decided at the October Term, 1859.   This question is dealt with at page 369, where the opinion of the court treats the assignment of error relied on to the effect that a member of the grand jury was permitted to testify as to the particular offense resulting in the indictment on trial.   It is true the state offered the witness, the grand juror who went into the details of the testimony in the grand jury room. The court in passing upon this exception uses the following language: "Whatever may have been the rule in relation to the competency of these questions before the passage of the present code, they are rendered competent by the provisions then made upon the subject. Revised Code section 614, article 252."

The court manifestly regarded this statute as authority for proving what went on in the grand jury room on a motion to quash the indictment, and no distinction was made as to whether the state might introduce the proof or whether the defendant might introduce it.   The idea is hinted at, that even though prior to this statute it would be improper to disclose the secrets of the grand jury room, yet since this statute was enacted, there could be no question as to the competency of this class of testimony.   It matters not whether the evidence is offered by the state or the defendant, in fact the statute makes no distinction. *Durr* v. *State,* 53 Miss. 425; *Welch* v. *State,* 68 Miss. 341.

It will be observed that in a review of these cases it manifestly appears that the counsel engaged in the trial of them and the respective courts, all seem to concede that there was no question about the competency of the testimony under the statute, the only question raised in these cases of any serious consequence was the method of procedure and as to whether or not the improper influences

brought to bear on the grand juries was such as to vitiate
the indictment. We have cited in our original brief the
cases of *Blau* v. *State,* 82 Miss. 514; *Fuller* v. *State,* 85
Miss. 119; for the reason that these cases bear upon this
question of improper influences upon the grand jury either
by the court, the district or county attorney, or any other
improper influences. The further consideration given to
these questions by this court in these two cases shows the
zealous care the court always exercised in protecting the
citizen against being called upon to defend an indictment
found under circumstances such as appear in the case now
at bar. A reading of these cases is certainly helpful and
most enlightening. *Collier* v. *State,* 104 Miss. 602.

We submit that this court has never held and should not
hold that testimony of this character although offered by
members of the grand jury should not be received and on
the contrary the very statute itself seems to make the ex-
ception; since 1857 this court has gone along receiving such
testimony and acting upon it and ought to continue to do
so.

The several authorities cited by the assistant attorney-
general to the effect that a petit juror cannot impeach his
own verdict are not in point. That is not the question at
issue here. Nobody questions those authorities, and the
only direct authority he has to the effect that members of
the grand jury cannot testify in cases of this character is
the case of *State* v. *Comeau,* 19 So. 120, which is a Loui-
siana case. Sections 2352 and 2364 of 4th Wigmore on
Evidence, showing that the general rule is as we have in-
dicated.

We submit, therefore, that the learned court below com-
mitted error when he declined to permit the defendant to
introduce the three members of the grand jury to show the
statements made to the grand jury by the district attorney
as alleged as a ground to support the motion to quash.

We respectfully submit that the case should be reversed
and appellant discharged.

*S. C. Broom,* special assistant attorney-general, for the state.

The real question now presented to the court is not as above stated, but is as follows: "Is a member of the grand jury a competent witness to testify to impeach the findings of a grand jury of which he was a member?" Having thus proceeded from a wrong premise they have necessarily arrived at an erroneous conclusion, as I will endeavor to presently show.

It will be observed that counsel has cited ten authorities supporting his view on the law as herein involved. In order to differentiate these authorities from the present case we find it necessary to treat each of them separately. *Rocco* v. *State,* 37 Miss. 357.

In this case there was a plea of *autrefois convict* filed by the defendant and the district attorney called a former member of the grand jury to testify or to prove that this was a separate and distinct offense that the defendant in this case was indicted for, and the defendant objected there on the ground that he was an incompetent witness. But the court held: "Whatever may have been the rule in relation to the competency of these questions before the passage of the present code, they are rendered competent by the provisions then made upon the subject. Revised Code 614, article 252."

It will therefore be observed that this testimony was to sustain the findings of the jury and not to impeach their acts; that he was introduced by the state and the state availed itself of its right under a statute that was enacted for the protection of the state. The Act of 1857, Revised Code above referred to, or any subsequent act up to Hemingway's Code, section 2203, does not provide for nor authorize the impeachment of the findings of a grand jury by one of its own members. The grand jury does not try cases. Grand juries are representatives of the state and not of the defendant.

I would call the attention of the court to the language of the court in the *Rocco case,* where it says: "In relation

to the competency of these questions: 'That, I submit is a significant thing in connection with the ruling of the court.' " *Durr* v. *State,* 53 Miss. 425.

In this case the trial court permitted an attorney who had been employed (as private counsel) to assist the district attorney, to go before the grand jury with witnesses, and there act for the district attorney in framing the indictment and the court here held that this was improper. It is apparent on the face of it, however, that it was unnecessary to prove this misconduct by any member of the grand jury, and the competency of a juror to impeach their findings was not here presented to the court. The question was: "Is this such misconduct as would vitiate the indictment?" and the court very properly held that it was. This was not the ground of reversal, however, but the case, as a matter of fact, was reversed because one of the petit jurors was permitted to separate from his fellows, or brother jurors, and go to the home of a friend unaccompanied by the bailiff in charge of the jury. It was not necessary to prove this misconduct on the part of the petit juror by any member of the petit jury, and so again the competency of a juror as a witness to impeach their verdict was not called in question by the court in this case. *Welch* v. *State,* 68 Miss. 341.

In this case private counsel employed to aid in the prosecution in a committing court, went before the grand jury and made a speech urging the finding of an indictment, but this conduct was admitted to be true by the state, and the court found "that an indictment found under such circumstances should be quashed." The court did not say that it would be proper to prove these circumstances by a member of the grand jury. *Wilson* v. *State,* 70 Miss. 595.

In this case private counsel of his "own motion" went before the grand jury and made a speech urging them to indict. He admitted it. The question before the court, therefore, was: "Would such misconduct vitiate an indictment?" The court held that it would but they did not hold that this misconduct could be proved by a mem-

ber · of that grand jury as 'a witness.  *Blau* v. *State,* 82 Miss. 514.

In this case the jury sought to be discharged and the court refused to dismiss it and urged them to indict.  This fact is admitted.  It was not necessary to call a member of the grand jury as a witness to prove this alleged misconduct.  Hence the court was not called upon to say whether or not a member of the grand jury would have been a competent witness.  *Fuller* v. *State,* 85 Miss. 199.

In this case the court called names in his charge to the grand jury.  The question is not asked, "Can this misconduct be proved by a member of the grand jury?"  Hence this question was not answered in that case:  *State* v. *Barnett,* 98 Miss. 812.

In this case private counsel appeared before the grand jury and procured an indictment although the district attorney was present and available.  Again the question is:  "Does such misconduct vitiate an indictment?"  But the court was not asked if this misconduct could have been testified to by a member of that grand jury.

The case of *State* v. *Coulter,* 104 Miss. 764, and *LeBarron* v. *Syaye,* 107 Miss. 663, deal with the propriety of a county prosecuting attorney to be present in a grand jury room and they are in nowise applicable to the question involved here.  *Collier* v. *State,* 104 Miss. 602.

In this case there was a serious effort on the part of the attorney-general to have the court say whether or not a member of a grand jury is · a competent witness to impeach the findings of the jury.

This authority is, no doubt, relied upon by the appellant. to support his contention that the trial court was in error in refusing to permit members of the grand jury to testify in support of his motion.  But we earnestly submit that it cannot be accepted as authority on this subject for the reason that there is nothing contained in this opinion that would indicate that the court ever seriously considered that phase of the question.  The court very properly held in that case that the indictment should be quashed, but

it will be noticed that the facts were before the court and that the facts are as follows: Private counsel appeared before the grand jury and talked for thirty or forty minutes. Hence the grand jury were permitted to testify to that fact. But it does not appear that a timely objection was made to this evidence in the trial court.

We submit that the correct rule is this: The grand jurors are never competent witnesses to impeach the findings of the grand jury of which they are members. Section 874, Bishop's New Criminal Procedure; *Riggs* v. *State,* 26 Miss. —; Morris, State Cases, 674; *Brister* v. *State,* 86 Miss. 461; 14 Ency. Pl. & Pr., 906-909; *Martin* v. *State of Mississippi,* 54 So. 148; *McGuire* v. *State,* 76 Miss. 504, 25 So. 459.

Details of a previous difficulty. It is contended by counsel for appellant that it was error on the part of the court to permit details of a previous difficulty. In support of this contention appellant has cited certain authorities, but we refuse to get excited over this question and propose to settle it in a shorter and simpler manner. Just admitting for the sake of argument, that ordinarily it is not a good rule to permit the details of a previous difficulty. Yet in the present case it appears that if this was error it was beneficial to the appellant rather than otherwise.

HOLDEN, J., delivered the opinion of the court.

Luther Lewis, of Itawamba county, was tried and convicted of an assault with a deadly weapon with intent to kill and murder W. T. Inzer, from which conviction he appeals.

We have carefully considered the eleven different grounds upon which the appellant asks for a reversal, but consider only two of them of sufficient merit to warrant discussion. These two grounds are: First, that the indictment should have been quashed "because after the grand jury had declined to indict defendant the district attorney advised and coaxed the grand jury to indict defendant,

and otherwise procured the grand jury to reopen said cause and indict defendant, and because the district attorney was in the grand jury room when said cause was discussed and voted upon;" and, second, that the court permitted the state to show the details of a previous difficulty between the appellant and the party assaulted.

On the motion to quash the indictment the defendant offered to show by three of the grand jurors who found the indictment that they were coaxed and influenced by the advice of the district attorney in finding the indictment, and that he was present when it was voted upon. The state objected to the testimony of the grand jurors as being incompetent to impeach their finding of the indictment, and this objection was sustained. So the exact question is whether or not the court erred in refusing to permit the defendant to introduce the testimony of the grand jurors showing what happened and what was said by the prosecuting officer in the grand jury room which may or may not have influenced the grand jury in finding the indictment.

Able counsel for the appellant have cited a large number of the decisions of this court to support the contention that the testimony of the grand jurors was competent. We shall not discuss these cases in detail, all of which we have carefully reviewed, but shall deem it sufficient to say that none of the cases cited by counsel, if objection is made to the testimony, announce the rule that the testimony of the grand jurors is competent in such a case. On the other hand, this court has many times held that grand or petit jurors are not competent to impeach their findings by testifying to what took place in the jury room that may have been influential or persuasive in their findings as jurors. Moreover it is universally recognized in the common law and by the decisions elsewhere that a juror is not competent to testify to any facts which go to the impeachment of his verdict or the finding of an indictment. Therefore we reannounce the rule to be that grand jurors are incompetent to testify as to what the prosecuting at-

torney advised them in the grand jury room. This rule, for many obvious reasons, is sound and conducive to the proper administration of public justice. *Brister* v. *State,* 86 Miss. 461, 38 So. 678; *State* v. *Comeau,* 48 La. Ann. 249, 19 So. 130; *McGuire* v. *State,* 76 Miss. 504, 25 So. 495; 14 R. C. L. 204, section 47; *U. S.* v. *Tallmadge,* 14 N. M. 293, 91 Pac. 729, 20 Ann. Cas. 46, and notes.

As to the second point with reference to the court permitting the details of the previous difficulty to be submitted to the jury, we think it was error to do so in this case; however, we have carefully considered the testimony which purported to give the details of the previous difficulty between the appellant and the assaulted party, and we think it was not substantially prejudicial to the appellant, and is therefore harmless error.

We do not think there is any merit on the other points raised by the appellant on this appeal, and the judgment of the lower court is therefore affirmed.

*Affirmed.*