## MITCHELL *v.* STATE.

(In Banc.   Nov. 9, 1936.   Suggestion of Error Overruled Nov. 30, 1936.)

[170 So. 534.   No. 32212.]

Stone & Stone, of Coffeeville, for appellant.

**Webb M. Mize**, Assistant Attorney-General, for the state.

Argued orally by **W. I. Stone**, for appellant, and by **Webb M. Mize**, for the state.

**Anderson, J.**, delivered the opinion of the court.

Appellant, a white man, was indicted in the circuit court of Yalobusha county for the murder of Lewis Bryant and his son, Coot Bryant, negroes. He was tried for the murder of the former, was convicted, and sentenced to be hung. From that judgment he prosecutes this appeal.

Appellant and Arthur Cook were jointly indicted for the murders. The indictment was returned at the July term, 1932, of the court. The crime was committed during that month. Appellant and Arthur Cook were brothers-in-law, the former having married the latter's sister. A severance was granted and Arthur Cook was tried at that term of the court for the murder of Lewis Bryant. He pleaded guilty and was sentenced to the penitentiary for life. Appellant fled the country and was not appre-

hended until September, 1935. He was tried, convicted, and sentenced in January of the present year.

There is little, if any, substantial conflict in the evidence. The family of Lewis Bryant consisted of himself, his wife, Missouri, and his son, Coot. They were all three at home when appellant and Cook came to their house about sundown. Appellant and Cook, the former being the leader, robbed Lewis Bryant of something over one hundred dollars, the exact amount not being shown. In the process of the robbery Lewis Bryant and his son Coot were blindfolded, their feet and hands were tied, and they were knocked insensible with a blackjack. While this was going on Missouri made her escape. Kerosene was poured on Lewis Bryant and his son and ignited with a match, which resulted in a fire that burned up their home with them in it. Appellant and Cook fled north that night. Cook took appellant in an automobile to some point near Memphis, Tenn., and left him there. They were aware that the negro family knew them, and they knew that Missouri, having escaped, would tell the story of the awful crime. When Cook left appellant, the latter told him to go back and lay the whole blame on him. Appellant went to Cuba, Mo., and there lived under an assumed name until his arrest in September, 1935.

The principal witnesses against the appellant were Arthur Cook and Missouri Bryant; they made out the case stated above. Appellant testified in his own behalf. He stated that he knew nothing about the crime; that for some years he had been suffering from "lapse of memory;" that he would go for several days at a time not knowing what had taken place; that if he took part in the crime he was unaware of it. Some of the members of his family corroborated his testimony.

One ground urged for reversal is the alleged misconduct of the district attorney in his closing argument to the jury. Appellant's attorney in his argument to the

jury stated that Arthur Cook had a "trade" with the State on the charge of the murder of Coot Bryant, and that this trade or understanding was to the effect that he would testify for the State in appellant's case when apprehended and tried, for which he (Cook) would be given life imprisonment. The district attorney in his closing argument in reply thereto stated, "I can tell the jury that Cook did not have any trade with me." Appellant's attorney objected to this statement. The court, in ruling, used this language: "The district attorney will confine himself to the record." There was no evidence to justify either statement. Appellant's contention is without merit. If the district attorney was guilty of any misconduct it was brought on by appellant's attorney. If in making the statement he testified, as argued, appellant's attorney testified first—he provoked it, and brought it into the case. Now appellant will not be heard to complain of it.

On cross-examination of appellant by the district attorney he was asked why he did not take his wife and baby with him when he fled, and why he did not get in touch with them during the time he was a fugitive. He answered that lots of times he did not take his family with him. These questions were objected to upon the ground that they amounted to a comment on the failure of appellant's wife to testify in his behalf. This contention is without merit. Manifestly, these questions were asked for the purpose of testing the truth of appellant's claim of lapse of memory.

The court refused the following instruction as requested by appellant, and modified it as shown:

"The Court instructs the jury for the defendant, that you are not empaneled for the purpose of convicting the defendant (but for the purpose of acquitting him), and you are not authorized to convict him until the State has shown beyond every reasonable doubt and to a moral certainty the guilt of the defendant, and that it is

the duty of each and every juror to decide the issue in this cause for himself, and if after hearing the instructions of the Court, and the testimony of the witnesses, and after free consultation with fellow jurors, any juror has a reasonable doubt as to whether the defendant is guilty of the charge or not, it is his duty, under his oath, to stand by his convictions favorable to a verdict of not guilty, even though it may result in a mistrial of this case, and the jury not agree.

"The Court: Modified by striking out the words 'but for the purpose of acquitting him.' "

Thereupon the defendant declined to use it. The action of the court in so modifying the instruction is assigned and argued as error. It is not the law that the jury in a criminal case is organized for the purpose of acquitting the defendant. The instruction was erroneous, and the court was justified in modifying it by striking out the words "but for the purpose of acquitting him."

Appellant assigns and argues as error the action of the court in admitting the testimony of Lowrance Walker in rebuttal. Walker was a deputy sheriff. Appellant was asked on cross-examination if at a certain time and place he did not make a statement to Walker showing his guilt, his flight, and an accurate memory of all the facts. He denied making such a statement. Walker was put on the witness stand and testified that the statement was made to him and was voluntary, and that in it appellant admitted, in substance, the murder, his flight with Cook, and that he told the latter to go back and lay it all on him. Appellant argues that, under the decisions of our court, principally Hathorn v. State, 138 Miss. 11, 102 So. 771, this was a confession of guilt and could not be offered except in chief—not in rebuttal. The Hathorn Case should be considered along with Roney v. State, 167 Miss. 827, 150 So. 774. It is not necessary to decide this question because, if error, it was

without any harm whatever. There was no real substantial conflict in the evidence as to apellant's guilt. As stated, he did not deny his guilt except to say, in effect, that if he had a hand in the homicides, he did not know it—he had a lapse of memory. The evidence of his guilt was undisputed. In such a case, the question of whether evidence belongs in chief or in rebuttal will not be considered. Comings v. State, 163 Miss. 442, 142 So. 19; Wexler v. State, 167 Miss. 464, 142 So. 501; Patterson v. State, 106 Miss. 338, 63 So. 667.

The judgment of the lower court is affirmed and Friday, December 11, 1936, fixed as date for the execution.

Affirmed.