BEALE *v.* STATE.

Division A.   Nov. 19, 1951.

No. 38105  (54 So. (2d) 921)

**D. C. McCool**, for appellant.

Joe T. Patterson, Assistant Attorney General, for appellee.

Arrington, C.

The appellant, David Kline Beale, was indicted and convicted in the Circuit Court of Madison County for the murder of Hal G. Pitchford. The jury returned a verdict of guilty as charged, but could not agree as to the punishment, whereupon the court sentenced appellant to the penitentiary for life.

The facts in this case as to the homicide are undisputed. According to the appellant's confession, on Friday evening, October 13, 1950, armed with a rifle, he proceeded to Pitchford's place and arrived there about dark. He saw a light in the house and got in a cotton field, and walked near the garage fence and waited twenty or thirty minutes; a truck drove up and headed out of the driveway; there were two or three Negroes in the truck; Pitchford came out of the house, walked up to the truck and was talking to the Negro driver. Sheriff Simpson testified to the killing as related to him by Beale in his confession, which in part is as follows: "* * * Hal was talking to the negro truck driver. About that time, when he told the negro to go and get the cotton and not make him hunt him up, for him to come back, Mr. Beale said he made a shot and said, 'No, you wont have to go hunt for him'. By that time Hal said, 'what was that?' * * * About like that. By that time he said, 'you know what it is', and shot again. He said he staggered backward some six, eight or ten feet, and fell. He said that he got over the wire fence or something like that. * * * I believe he said

he got over the wire fence and walked by and looked at Hal and went immediately into the house, in the back door. He said when he went in the back door there was the kitchen and he said he saw the lady sitting in another room on a bed. He goes through the kitchen and into the little hallway into another bedroom. Mr. Beale said when she looked at him she said, 'Oh, don't do this', and started running across from him into the hallway. He said when she got off the bed and started running he started shooting, and she fell in the hall on her face. He turned around and goes back out to where Hal was and got his flashlight. * * * He said when she fell on her face he turned her over and he said she moved, and to get her out of her misery he turned her over and pumped her two or three more times; naturally, the bullets went through the floor. * * *,,

Three eyewitnesses testified to the killing of Pitchford which fully corroborated Beale's confession. The confession of Beale was shown to be free and voluntary and introduced without objection. Beale did not testify in his own behalf. A number of witnesses testified to the effect that Beale and his wife (the deceased woman) lived together as man and wife until the early part of October, 1950. The record in this case does not disclose the deceased woman's marital status at the time of the homicide, although it does show that she had been appellant's wife. Their son, David Ray Beale, testified in behalf of his father, the appellant. The court, upon objection by the State, refused to allow admission of the records of the Chancery Court of Madison County which showed the filing of a suit by Mrs. Gertrude Beale v. Kline Beale, dated October 3, 1949, and the service of process on Beale, and its dismissal on November 15, 1950. This was to show, of course, that she had not obtained a divorce from Beale.

The only assignment of error argued is that the trial court erred in overruling a motion for a new trial on the ground of misconduct of the jury in two particulars, (1)

the use of a radio in the jury room, and (2) the reading of two issues of the Clarion Ledger of January 16 and January 17, 1951, respectively. The news item in the issue of the 16th referred to the fact that 11 men had been selected for Beale's trial, and that 111 names had been used. The remainder of the article was with reference to the issue involved in the trial of the case, that the State would maintain that the killing was murder and defense attorneys were claiming that Mrs. Pitchford had never been properly divorced from Beale and was living with Pitchford unlawfully. The news item of the 17th refers to statements of defense counsel as follows: " 'When this man killed Hal Pitchford, he was assuming that this woman was his (Beale's) wife. And, according to the records, she was his wife.' * * * Pitchford and the woman got a marriage license at the Hinds County circuit clerk's office on September 27 and were married in Vicksburg on the same day, according to records on file with the circuit clerk of Hinds County in Jackson. * * * (McCool said Mrs. Beale was granted a divorce from Beale in chancery court of Hinds County on January 24, 1950, by swearing that she was unable to locate her husband. This was not brought out in the testimony)."

Beale's confession admits and the eyewitnesses establish that his killing of Pitchford was an assassination, a cold-blooded, deliberate murder. The only defense was the so-called unwritten law, which is no defense under the law, although it appears to have served its purpose as the jury did not impose the death penalty. The jury could not, under their oaths and the law and evidence in this case, have returned any other verdict than that of guilty. In Wexler v. State, 167 Miss. 464, 142 So. 501, 502, where the death penalty was imposed, the Court said:

"Under the undisputed facts of this case, if it be true that the court erred in the giving and refusing of instructions, and the admission of testimony, as claimed by appellant, and that Holmes was guilty of misconduct in the argument of the case, they were errors which did appel-

lant no harm whatever. Before this court will reverse a cause, it must be satisfied of two facts: First, there must be error; and, second, the error must be prejudicial to the appellant. Jones v. State, 104 Miss. 871, 61 So. 979, L. R. A. 1918B, 388; Patterson v. State, 106 Miss. 338, 63 So. 667; House v. State, 121 Miss. 436, 83 So. 611; Calicoat v. State, 131 Miss. 169, 95 So. 318; Lewis v. State, 132 Miss. 200, 96 So. 169; Goins v. State, 155 Miss. 662, 124 So. 785; Comings v. State, 163 Miss. 442, 142 So. 19.

"In House v. State, supra, the court held that, where, in a murder trial, the guilt of the defendant was manifest from the evidence, and the jury under their oaths could not have arrived at any other verdict than that of guilty it was not reversible error for the district attorney in his argument to comment on the fact that the defendant had not testified, notwithstanding such comment was prohibited by section 1918, Code 1906 (now Code 1930, § 1530 [Code 1942, § 1691]).

"* * * As stated above, this is a case where the evidence shows without dispute the guilt of the defendant to a moral certainty and beyond every reasonable doubt. Every material fact and circumstance in the case points to the guilt of appellant. On the other hand, there is no fact or circumstance in evidence which points to his innocence; therefore the jury, under the law and the evidence, could not have justly reached any other verdict than that of guilty. In such a case there is no use considering errors committed by the court in the conduct of the trial, unless they be so grave as to deny the defendant the benefit of some fundamental right."

We are of the opinion that the lower court committed no error in overruling the motion for a new trial. As much as we condemn carelessness in permitting extraneous matters to come under the view of juries, we must not set aside their verdicts when such extraneous matters did not and could not prejudicially affect the accused.

While we are not approving the use of the radio for the entertainment of juries, there is no evidence in this record to suggest that it resulted in harm to the appellant. Affirmed.

PER CURIAM.

The above opinion is adopted as the opinion of the Court and for the reasons therein indicated, the judgment of the court below is affirmed.