COLLIER *v.* STATE.

(Division A. May 27, 1929. Suggestion of Error Overruled June 10, 1929.)

[122 So. 538. No. 27819.]

*Richard Denman,* of Charleston, and *Creekmore & Creekmore,* of Jackson, for appellant.

*James McClure,* of Sardis, for the state.

*J. A. Lauderdale,* Assistant Attorney-General, for the state.

Argued orally by *H. H. Creekmore* and *Richard Denman,* for appellant and by *James McClure* and *J. A. Lauderdale,* Assistant Attorney-General, for appellee.

SMITH, C. J., delivered the opinion of the court.

This is an appeal from a conviction of grand larceny. The indictment as returned by the grand jury alleged that the appellant "did unlawfully, willfully, and feloniously take, steal, and carry away one certain cow of the value of fifty dollars, the personal property of Lewis Taylor, and one yearling calf of the value of fifteen dollars, the personal property of Lewis Hamilton." When the case was called for trial, and before any evidence was heard, the indictment was amended by striking out the word "Hamilton" and inserting in lieu thereof the word "Taylor," making the sentence in which the amendment was made read as follows: "And one yearling calf of the value of fifteen dollars, the personal property of Lewis Taylor." This amendment was prematurely made, but if it would have been permissible under section 1508, Code of 1906 (Hemingway's Code 1927, section 1329), after the evidence was heard, no harm was done thereby to the appellant, and he can-

not complain thereat. *Washington* v. *State* (Miss.), 118 So. 719.

The amendment changing the name "Lewis Hamilton" to "Lewis Taylor" is clearly within the provisions of the statute hereinbefore referred to, unless it changed the identity of the offense sought to be charged by the indictment. The evidence discloses the theft by the appellant, at the same time and place, of a cow and a calf, the personal property of Lewis Taylor, and it is clear from the evidence that it was this cow and calf that the grand jury had in mind when it found the indictment. The identity of the offense sought to be charged in the indictment was not changed by the amendment, and was therefore within the permission of the statute.

The cases cited by counsel for the appellant are not in conflict herewith, for in each of them the rule applied was identical with that applied here, and in each of them the amendment was not allowed, for the reason that the court could not say that the identity of the offense sought to be charged was not changed by the amendment made to the indictment.

The continuance requested after the amendment of the indictment was properly refused, for the reason that it does not appear that a continuance was necessary in order to enable the appellant to meet the case made by the amendment.

There is no merit in the appellant's contention that Lewis Taylor was not proven to be the owner of the cattle. The witness Wiley testified more than once to this.

No error was committed in the court below with reference to the testimony of Maggie Walton.

*Affirmed.*