## Sims *v.* State.

(Division B.   June 6, 1932.)

[142 So. 468.   No. 30116.]

**Jno. W. Crisler,** of Clarksdale, for appellant.

**W. D. Conn, Jr.,** Assistant Attorney-General, for the state.

**Ethridge, P. J.,** delivered the opinion of the court.

Granville Sims, the appellant, was convicted of the murder of his wife in Coahoma county, Mississippi, and sentenced to the penitentiary for life, from which sentence he appeals here.

The evidence for the state showed that the deceased was shot about eleven or twelve o'clock at night at her home; that she walked across the street after the shooting and reported that her husband had shot her. She was carried to an adjoining house for first aid treatment, and then to the hospital where she died several days after the shooting. She made a dying statement detailing the circumstances of the killing, which was to the general effect that she came in from church and her husband raised a row with her, and finally ordered her to leave. That she started to get some personal effects from a trunk when he forbade her doing so, and, as she started out of the house, he called her back and stated that he would kill her and shot her; that he then went away, and left her, and that after a short interval she got up and went across the street as stated.

After the shooting was reported, officers went some distance from the home where the shooting occurred and arrested the appellant, who stated to the officers that he

and his wife were struggling over the pistol, and that it went off accidentally.

On the trial the appellant testified that he did not know he was shooting his wife; that she had not been home for some days, and that, when he came home on the night of the shooting, he heard some one moving around in the back of the house, and thought his home was being invaded by a burglar, and that he shot, and then ran off without seeing who had been shot.

The only assignment of error is the giving of the following instruction: "The court instructs the jury for the state that flight is a circumstance from which as a matter of law the inference of guilty knowledge and fear may be inferred; and if you believe from the evidence in this case beyond a reasonable doubt that the defendant fled and remained in flight and hiding for a time after he shot Sallie Sims, if you believe from the evidence in this case beyond a reasonable doubt that he actually shot her, you may take such flight or hiding into consideration along with all the other evidence in the case in determining the guilt or innocence of the defendant."

We do not think that there was error in giving this instruction. The defendant (appellant here) had left the scene of the homicide and was several miles away, and his statement to the officers showed that he had run part of the way; and we think it was competent for the court to instruct the jury that they might consider the circumstance of flight in connection with the other evidence in the case in determining whether the defendant was guilty or innocent.

The first part of the instruction is not happily phrased, but we do not think it could be construed to tell the jury 'that they could convict the appellant upon the evidence of flight alone. The concluding part of the instruction showed clearly that it was not the intention of the court to so instruct, but that the evidence of flight was to be

taken in connection with the other evidence in the case, and considered along with it, and that the jury was to determine the issue from the whole evidence.

The judgment of the court will therefore be affirmed. Affirmed.