MAY *v.* TOWN OF CARTHAGE.

(In Banc.  June 9, 1941.)

[2 So. (2d) 801.  No. 34681.]

O. H. Barnett, Jr., of Carthage, for appellant.

**Geo. H. Ethridge,** Assistant Attorney General, for appellee.

**F. E. Leach**, of Carthage, for appellee.

**Anderson, J.**, delivered the opinion of the court.

Appellant was charged, tried, and convicted under the ordinances of the Town of Carthage of the crime of unlawful possession of intoxicating liquor and fined $100 and sentenced to ten days in prison. From that judgment he prosecutes this appeal.

Two grounds for the reversal of the judgment are urged: (1) a variance between the description of the premises to be searched as described in the affidavit for the search warrant and the description in the search warrant itself; (2) a lack of jurisdiction in the mayor's court in which appellant was tried and convicted upon the ground that the justice of the peace issuing the search warrant had exclusive jurisdiction. We will dispose of those contentions in the order stated.

(1) In the affidavit for the search warrant the premises to be searched are described as follows: "Sold or offered for sale in violation of law, in the residence, outhouse, barn, stalls, smokehouse, crib, and in the field, yard and garden and woods near the residence of Dave May in the 2nd district of said Leake County, Mississippi, and on Section 12, Township 10, Range 7 in said Leake County, Mississippi, and more particularly described as follows: On the farm of A. C. Ellis, on old Red Dog Road and on west side of Town creek, in violation of the Laws of the State of Mississippi, and this belief is not feigned of malice against Dave May who is believed to be guilty of said violations, but is founded on credible information." In the search warrant itself this is the description of the premises: "Sold or offered for sale in violation of the law in the residence, outhouses, barns, stalls, smokehouses, crib, and in the yard and garden, and in the field

and woods near the residence of Dave May in the 2nd district of Leake County and on Section 22, Township 10, Range 7 in said County, and more particularly described as follows: On the farm of A. C. Ellis, on old Red Dog Road and west of Town Creek in New Addition, Town of Carthage, in violation of the laws of the State of Mississippi.''

It will be observed that the principal difference in the description of the premises in the two documents is that in the affidavit they are described as being in Section 12, Township 10, Range 7, and in the search warrant as Section 22, Township 10, Range 7. However, in each of them the particular description is identical. That controls over the general description.

(2) The affidavit for the search warrant was made before a justice of the peace of the district in which the Town of Carthage is situated. The search warrant was issued by him. The prosecution was before the mayor of the Town of Carthage. Appellant was charged with the unlawful possession of intoxicating liquor in violation of the ordinances of the town. The evidence obtained by the search was indispensable to his conviction. Appellant contends that the jurisdiction of the subject matter was concurrent in the justice of the peace and the mayor, and the former having first acquired jurisdiction by the reception of the affidavit and issuance of the search warrant the jurisdiction of the mayor was excluded. The fault in that contention is that the justice of the peace and the mayor were without concurrent jurisdiction of offenses against the ordinances of the town. The mayor alone had that jurisdiction. The possession of intoxicating liquor is a violation of the laws of the state and also of the municipalities therein. The trial and conviction therefore under the laws of one does not bar the trial and conviction under the laws of the other.

Affirmed.