Wright *v*. State.

Division B. Nov. 6, 1950.

No. 37653 (48 So. (2d) 509)

**R. W. Boydstun,** for appellant.

**George H. Ethridge,** Assistant Attorney General, for appellee.

**Alexander, J.**

This appeal is from a conviction of murder, the judgment imposing a life sentence. The evidence for the State rests chiefly upon a single eyewitness who was in the room where and when the appellant is charged to have shot his wife to death. A previous dissension between the parties outside the home had continued as they reached their room, and the fatal shot was fired while they were tussling and quarreling. After the homicide, which occurred in 1939, the husband disappeared and was not located for ten years, and was returned in 1949 from Chicago under extradition. The witness for the State sufficiently identified the appellant as the slayer, and although impeachment of him was undertaken, we are of the opinion that the guilt of appellant, as well as the credibility of the witness, were properly left to the jury. We thus dispose of the assignments that the verdict is contrary to the evidence, and that the trial court erred in refusing a peremptory charge.

It is next assigned for error that the verdict was not signed by the jurors, and that the judgment fails to disclose the name of any juror. Neither our practice nor due process require a verdict to be so signed. The judgment recites that upon announcement by the State and the defendant that each was ready for trial, there ''came a jury of good and lawful men composed of Doyle Perry and eleven others who were each accepted by both the State and the defendant.''

Certain instructions requested by the State are attacked on the ground that the case presents no ground for a charge of murder. ██ ██ Homicide under the circumstances shown is presumed by the law to be murder. Hague v. State, 34 Miss. 616; Jeff v. State, 37 Miss. 321; Archbold, Criminal Pleading and Evidence (22nd Ed.), p. 747. Since the appellant denies that he fired the gun, there is no issue of justification and the homicide is therefore murder or no crime at all. However, the State procured an instruction on manslaughter.

██ ██ A variation of the so-called "sinker instruction" was refused to the defendant. It stated "The court charges the jury for the defendant that you are required to presume that the defendant is innocent from the very beginning of the trial until the case is closed . . ." Such instruction was condemned and the reasons therefore were stated in Carr v. State, 192 Miss. 152, 4 So. (2d) 887; Lott v. State, 204 Miss. 610, 37 So. (2d) 782; Bone v. State, 207 Miss. 20, 41 So. (2d) 347.

██ ██ Error is next predicated of an instruction which states that the jury may disregard the testimony of the State's chief witness if it believes that he was at the time of the homicide unable, from intoxication, to understand and realize what was happening. Refusal was proper. The charge is argumentative and singles out for emphasis parts of the testimony. Such is the defect in several other refused instructions.

██ ██ We consider next the alleged error in refusing the following instruction: "The court charges the jury that flight is only a circumstance that may be considered by the jury along with the other evidence in determining the guilt of the defendant, but that flight is not evidence of guilt and that flight is consistent with innocence as well as guilt."

References in instructions to flight by the accused have been allowed in some cases, perhaps with too little regard for Code 1942, Section 1530. Sims v. State, 164 Miss. 16, 142 So. 468; Tatum v. State, 142 Miss. 110, 107

So. 418. There has, however, been some vacillation. The discussive portions of opinions, wherein it is stated that flight is a circumstance which may be considered along with other evidence in the case in determining guilt, Ransom v. State, 149 Miss. 262, 115 So. 208; Howard v. State, 182 Miss. 27, 181 So. 525, 527, has been found transplanted in instructions. While allowed in the former case, this Court also held that the weight of such circumstance was to be adjudged by the jury. In this respect, it differs not at all from any other circumstance developed by the testimony. In the latter case, it was stated that flight "is not substantive evidence of guilt since it is consistent with innocence as well as guilt." It would seem that if it were not of itself evidence of guilt or of innocence, a reference thereto in instructions ought to have been avoided. Its relevancy as a circumstance should not be the test of the right to emphasis in instructions. As a matter of experience and logic, flight is ordinarily relevant as evidence of guilt and, regardless of whether an instruction singling out flight is proper, the jury ought not to have been told that it is not evidence of guilt. The last clause is clearly argumentative.

The instruction in the Howard case was as follows: "The Court charges the Jury that flight is a circumstance from which guilt might be inferred." It was held to be erroneous, but a similar instruction was later held to be "saved from error" by addition of the words "could be considered along with all other facts and circumstances connected with the case." Shedd v. State, 203 Miss. 544, 33 So. (2d) 816, 819. This addition was taken from the cited case, Howard v. State, supra, but is found in the discussion by this Court of its relevancy, and not in an approved instruction.

We point out the uncertainty which has crept into such instructions, but need not clarify the doubts by definite adjudication. See Presumptions in Criminal Cases, Vol.

17, Miss. Law Journal, 45, 55. The instruction here was properly refused.

Lastly, error is assigned for that the trial judge, in the absence of the jury, had two witnesses for the defendant summarily committed for alleged palpable perjury. A bill of exceptions seeking to reserve this and other points was denied by the court, and there is no proper bill presenting these incidents.

We find no reversible error and affirmance must follow. Affirmed.