ANDREWS *v.* STATE.

Feb. 8, 1954

No. 38995 52 Adv. S. 1 70 So. 2d 40

*Stone & Stone,* Coffeeville, for appellant.

30

*John E. Stone,* Asst. Atty. Gen., Jackson, for appellee.

ROBERDS, P. J.

Andrews was convicted of burglary in the felonious breaking and entering of a warehouse of Sam J. Simmons, Jr., "trading as City Lumber Company," from which as a part of the burglary, he is charged with stealing seven spools of "J&L" barbed wire of the value of ten dollars per spool. He was sentenced to serve two years in the state penitentiary and appeals.

When the case came on for trial the State moved the court for leave to amend the indictment by inserting therein "USS Lyman" as part of the description of the wire instead of "J&L" as stated in the indictment, and to substitute Mrs. Sam J. Simmons, Sr., as the possessor and operator of the warehouse instead of Sam J. Simmons as laid in the indictment. Over the protest of Andrews the amendments were allowed and made. Andrews says that was reversible error. Section 2532, Mississippi Code of 1942, permits such amendments if the court shall "consider such variance not material to the merits of the case, and that the defendant cannot be prejudiced thereby in his defense on the merits." As to the description of the stolen property there is no question as to its identity. It was spooled barbed wire regardless of the name of the manufacturer or the particular brand thereof. Defendant knew that the property he was charged with stealing was spooled barbed wire. He could not possibly have been injured or prejudiced by that amendment. Davis v. State, 150 Miss. 797, 117 So. 116; State v. Grady, 147 Miss. 446, 111 So. 148; Mackguire v. State, 91 Miss. 151, 44 So. 802.

As to the possessor and operator of the warehouse burglarized, it appears that Sam J. Simmons was the manager in charge of the business and the building in which the business was being carried on and in which

the wire was located, although his mother, Mrs. Sam J. Simmons, Sr., was the owner and operator of such business. It was being conducted under the style of City Lumber Company and the indictment alleged the wire was in the warehouse of that company, and that the accused Andrews broke and entered that warehouse and stole the wire therefrom. It is not seen how the accused was injured or prejudiced by this change. Indeed, naming the true possessor and operator of the warehouse and owner of the business was a protection to the accused against another prosecution for the same crime. Wilson v. State, 204 Miss. 111, 37 So. 2d 19. On the right and power of the court to amend so as to show the true owner see Foster v. State, 52 Miss. 695; Collier v. State, 154 Miss. 446, 122 So. 538; Crosby v. State, 191 Miss. 173, 2 So. 2d 813; Haywood v. State, 47 Miss. 1; Garvin v. State, 52 Miss. 207; Murrah v. State, 51 Miss. 652; Kellum v. State, 213 Miss. 579, 57 So. 2d 316. The accused made no motion for a continuance on the ground of surprise or that he was not prepared to meet the charge as alleged in the amended indictment.

Appellant says admission of his confessions was error. The sheriff testified that the next morning after the arrest of Andrews that he, Andrews, in the presence of the sheriff and the jailer, said that he helped to steal the wire, and he explained in detail how he and another person went to the warehouse, broke into the building, loaded the wire onto the truck of the other person and carried the wire away. In other words, he confessed the crime and explained the details. The sheriff testified that Andrews was not coerced or induced by word, threat or any other act, into making this confession but, on the other hand, it was free and voluntary. The sheriff also testified that the same confession was later made to him and the county attorney, without any threat or coercion whatever, by word or deed, and that this later admission, or confession, was entirely free and voluntary.

The testimony of the sheriff was not contradicted. Andrews did not take the stand. The court was not in error in admitting this testimony.

Appellant requested, and was refused, an instruction which told the jury " * * * that it is the duty of the jury to decide on the law and the facts of a claimed confession * * *.'' Appellant says refusal to grant that instruction was reversible error. In Brooks v. State, 178 Miss. 575, 173 So. 409, this Court said: ''The instruction in effect, submits to the jury the admissibility vel non of the evidence of the confessions, with which the jury have nothing to do. The admissibility of a confession is for determination of the trial judge, and, when admitted, the jury may consider it in the light of the evidence by which it was obtained and give it such weight and credibility as they think it is entitled.''

 Appellant requested, and was refused, this instruction:

''The Court instructs the jury that the defendant is presumed to be innocent of the crime charged and of every part thereof and the burden is on the State to prove his guilt beyond every reasonable doubt and to a moral certainty.

''This presumption of innocence has the power and strength of a witness in Court, corroborating everything leading to defendant's innocence and denying everything tending to show guilt of the defendant.''

The court refused the instruction because of the last paragraph. He noted on the refused instruction that, in his opinion, he had no right to instruct on the weight of the evidence or the strength of a presumption. He correctly refused the instruction. Carr v. State, 192 Miss. 152, 4 So. 2d 887; Lott v. State, 204 Miss. 610, 37 So. 2d 782; Bone v. State, 207 Miss. 20, 41 So. 2d 347; Wright v. State, 209 Miss. 795, 48 So. 2d 509.

 Appellant requested, but was refused, this instruction:

"The Court instructs the jury that no matter what has been testified as to words spoken by defendant no such words form the basis of a conviction, but the State must show his guilt beyond and above his words before a conviction is justified."

The instruction is incorrect and misleading. A confession may be considered by the jury along with the other testimony in determining the guilt of a defendant. Ruffin v. State, 205 Miss. 642, 32 So. 2d 269.

Affirmed.

*Kyle, Arrington, Ethridge* and *Gillespie, JJ.,* concur.