ECHOLS FUTRELL KELLY *v.* STATE.

No. 41721 December 5, 1960 124 So. 2d 840

*W. Arlington Jones,* Hattiesburg, for appellant.

*G. Garland Lyell, Jr.,* Asst. Atty. Gen., Jackson, for appellee.

ETHRIDGE, J.

Appellant Kelly was convicted of burglary in the Circuit Court of Forrest County, Mississippi, and sentenced to serve a term of seven years in the state penitentiary.

The indictment originally charged the ownership of the property to be that of Cleve Allen, Jr. Before the trial began, the State's motion, amending the indictment to show ownership of the property to be in Allen Beverages, Inc., a Mississippi corporation, was sustained. Appellant's counsel objected to the amendment, and, after it was allowed, moved the court for a continuance on the ground of surprise and inadequate opportunity to prepare a defense. The motion was overruled. No evidence was offered by defendant in support of it. The amendment to the indictment was properly allowed. Miss. Code, 1942, Rec., Sec. 2532, authorizes such an amendment if the variance is not material to the merits of the case and the defendant is not prejudiced. The trial court found both of these facts in favor of the amendment. There was no error in permitting it. Andrews v. State, 220 Miss. 28, 70 So. 2d 40 (1954); Wiggins v. State, 215 Miss. 441, 61 So. 2d 145 (1952).

The granting or denial of a continuance after the amendment was within the sound discretion of the trial court, and there is no showing that its denial was prejudicial to defendant. Miss. Code Secs. 2532, 1520. The essential elements of the offense charged were not changed. The only alteration was in the name of the owner of the property burglarized.

By a special bill of exceptions, it appears that, while the petit jurors summoned for the trial of cases for the week were in the courtroom, the chief prosecuting witness for the State, Harold Stanley, was arraigned before the court on another burglary charge and

pleaded guilty. On prior motion of defendant, the court refused to exclude the petit jurors from the courtroom. We cannot say the court abused its discretion. There is no showing how appellant could have been prejudiced by that action. If anything, the fact that the State's principal witness, Stanley, pleaded guilty on another burglary charge should have tended to impeach him, and not prejudice defendant. Moreover, appellant's counsel, on cross-examination of Stanley on the merits, asked him about this, and Stanley admitted he had pleaded guilty. So appellant is in no position to complain on this point. Nor is there any merit in appellant's claim that the indictment was invalid and his motion to quash it should have been sustained, on the ground that it did not have on it the names of witnesses for the State. The State is not required to list these witnesses on the indictment. See Code Sec. 2441.

 The jury was warranted in finding beyond a reasonable doubt that appellant was guilty of the burglary. On the night of October 28, 1958, according to the State's evidence, Kelly and Harold Stanley burglarized a place of business in Hattiesburg known as the Nesbitt Bottling Company, the property of Allen Beverages, Inc. Patrolmen heard a noise inside the place, and the manager came and admitted them. They found a safe broken open, and after a lengthy search located Stanley hiding under a truck. Kelly was not found. Stanley pleaded guilty, and, after some time in the penitentiary, told police officers that Kelly on that night had prevailed on him to accompany and assist him in burglarizing the bottling company. Stanley said that when the officers arrived he last saw Kelly trying to hide over the axle of a truck in the building. Stanley's testimony is detailed and intelligible. The State's case was based principally on his evidence. His wife testified that her husband left in a car identically like that owned by Kelly, a 1957 black and white Mercury with a "continental kit", a tire on the back. Stanley said that

Kelly parked his car on a vacant lot down the street from the bottling company. One of the investigating officers stated that while they were searching the building, they heard an engine start up nearby the building and drive away at a fast rate of speed. The officer later investigated and found fresh tire tracks on the gravel street where automobile wheels had been spinning.

Defendant denied that he participated in the burglary. His defense was based upon an alibi: He picked up his wife and sister-in-law at 10:15 that night (the burglary occurred shortly thereafter) and they drove to her mother's home, where he and his family were living. His wife's two sisters and their husbands testified that they were at the house until midnight and later.

 ██ The jury was not required to accept this alibi. ██ Its duty was to evaluate the testimony of the witnesses for the State and defendant, and to determine whether the evidence showed beyond a reasonable doubt that appellant was guilty. The State's evidence was contradictory of that of appellant concerning an alibi. It was a jury issue. Newton v. State, 229 Miss. 267, 90 So. 2d 375 (1956).

 ██ After Stanley was arrested on the night of the crime, he told officers that he alone burglarized the building and cracked the safe. Appellant tried to get before the jury this statement of Stanley, on cross-examination of several police officers. The State's objections to this were sustained. However, on cross-examination of Stanley he readily admitted he told the police officers that he was the only one involved. He said this was false. Assuming without deciding that it was error to sustain objections to this testimony on cross-examination, nevertheless defendant got to the jury the fact that Stanley made this statement to the officers. Stanley admitted it. Hence no possible prejudice could have resulted from the actions complained of.

 ██ Defendant offered as a witness in support of his alibi his wife. The State, cross-examining her, ask-

ed her about certain co-indictees with Stanley on a burglary charge. She was then asked were not they "safe-crackers too ... just like Stanley?" The court sustained defendant's objection to this question and instructed the jury to disregard that statement of the district attorney. It overruled a motion for mistrial. The trial court complied with the request of appellant's counsel, sustained his objection and told the jury to disregard the question. Under these circumstances, and after a careful review of the record, we are satisfied that the statement and question of the district attorney on cross-examination was not an error which was prejudicial to the rights of appellant. McNair v. State, 223 Miss. 83, 77 So. 2d 306 (1955).

Affirmed.

*McGehee, C. J.,* and *Lee, Holmes* and *McElroy, JJ.,* concur.