SMITH, Justice.
Eudell Graham was indicted, with others, by the Forrest County Grand Jury for the armed robbery of Mr. and Mrs. Herbert Aplin. Mississippi Code 1942 Annotated section 2367 (1956). A severance was granted, Graham was tried separately, convicted and sentenced to serve a term of 40 years in the penitentiary. From that conviction and sentence he appeals here.
The evidence for the prosecution consisted of the testimony of Mr. and Mrs. Aplin and of three of Graham’s accomplices.
The robbery occurred in a liquor store operated by Mr. and Mrs. Aplin in the City of Hattiesburg. As they were preparing to close the store at approximately 9:45 o’clock at night, three young men, actually little more than boys, entered. One of them was armed with a pistol, another with an open hook bladed knife and the third carried a sack. The man with the pistol escorted Mr. Aplin to the rear of the store and kept him covered with his weapon during the course of the robbery. The man with the knife seized Mrs. Aplin, placed the knife at her throat and ordered her to open the cash register. As she *549 hesitated momentarily, one of the men opened the cash register himself, and extracted between $700 and $800 in money which was placed in the sack. Mr. Aplin’s billfold, containing some money, and his keys, were also stolen. The three men then departed after warning Mr. and Mrs. Aplin not to give an alarm.
The evidence shows that Graham was an older man and that it was he who conceived, planned and organized the entire affair. He had recruited his young accomplices in Alabama, and had driven them to Hattiesburg in his automobile. They had been shown the layout of the store and supplied by Graham with the pistol, knife and sack used in the robbery. Subsequently, on the night of the robbery, Graham had driven them to the scene in his automobile where he put them out, after arranging to rendezvous with them after the robbery. Graham met them as planned, picked them up in his automobile and drove them back to the State of Alabama. There he divided the money, giving each of the other participants such share of it as he chose, keeping the greater portion of it for himself.
While the evidence linking Graham with the crime consisted of the testimony of his three accomplices, who had actually entered the store, it was clear and convincing. These witnesses withstood the most searching cross examination without any material alteration of their testimony.
The matters chiefly relied upon by appellant for reversal are first, the trial court committed fatal error in failing to grant a requested postponement, and second, appellant was prejudiced by one of the jury instructions granted at the request of the prosecution.
The case had been set specially for trial on a day certain by order entered at a prior term. It was duly called for trial upon the date set. Both sides announced ready for trial and selection of a jury began between 9:00 and 9:30 A.M. During the course of the examination of prospective jurors, appellant objected to certain questions propounded as to the willingness of the jury to convict if it should be proved that appellant had aided and abetted the armed robbery. It was argued that the indictment of appellant charged him as a principal, not as an accessory, and that it would be improper to allow his conviction upon proof that he was an accessory.
The court overruled the objection on the basis of Mississippi Code 1942 Annotated section 1995 (1956), which provides:
Every person who shall be an accessory to any felony, before the fact, shall be deemed and considered a principal, and shall be indicted and punished as such; and this whether the principal have been previously convicted or not.
Appellant then said he was surprised, and not prepared to defend a case against him as accessory, and asked that the case be continued. This request was denied.
The matter of granting a continuance is within the sound discretion of the trial court. Kelly v. State, 239 Miss. 683, 124 So.2d 840, 85 A.L.R.2d 1199 (1960); Collier v. State, 154 Miss. 446, 122 So. 538 (1929).
Moreover, it was not shown or even suggested that there were material witnesses who were absent but whose testimony would be relevant and material to appellant’s defense upon his trial as an accessory. No effort was made to comply with Mississippi Code 1942 Annotated section 1520 (1956). Section 1520 is as follows:
On all applications for a continuance the party shall set forth in his affidavit the facts which he expects to prove by his absent witness or documents that the court may judge of the materiality of such facts, the name and residence of the absent witness, that he has used due diligence to procure the absent documents, or presence of the absent witness, as the case may be, stating in what such diligence consists; and that the continuance is not sought for delay only, but that *550 justice may be done. The court may grant or deny a continuance, in its discretion, and may of its own motion cross-examine the party making the affidavit. The attorneys for the other side my also cross-examine and may introduce evidence by affidavit or otherwise for the purpose of showing to the court that a continuance should be denied. No application for a continuance shall be considered in the absence of the party making the affidavit, unless his absence be accounted for to the satisfaction of the court. A denial of the continuance shall not be ground for reversal unless the Supreme Court shall be satisfied that injustice resulted therefrom.
In Smith v. State, 219 Miss. 741, 746, 69 So.2d 837, 839 (1954) this Court said:
Section 1520, Mississippi Code of 1942, requires that the motion be in writing and supported by an affidavit, and it shall aver “that the continuance is not sought for delay only, but that justice may be done.” Such a motion was not filed in this case — at least the record does not so disclose and we must go by the record. This would he sufficient ground for us to reject the contention of appellant that the refusal of the trial court to grant the continuance was reversible error, (emphasis added).
The trial court did not abuse its discretion in declining to continue the case under the circumstances.
At about 10:30 o’clock, a jury having been selected and accepted, the trial of the case began. Testimony of witnesses for the State consumed the remainder of the morning, and was resumed following the noon recess. The State rested its case at about 6:45 that evening. Whereupon the court directed the appellant to proceed with his defense. Appellant’s counsel then asked that the case be postponed until the next day, saying that he was fatigued and hungry. He also said that there was a witness who operated a cafe in Hattiesburg who was not present and whose testimony he desired to offer as an alibi witness for appellant. It appears that a subpoena for this witness had been requested on the day of the trial, but not before, and the return showed that the witness could not be found. It was suggested by counsel that postponement would give the sheriff more time to locate the witness. However, no alias subpoena was requested, no affidavit was tendered or filed showing what the witnesses’ testimony would be and again no effort was made to comply in any respect with the requirements of Mississippi Code 1942 Annotated section 1520 (1956).
The court declined to grant the requested postponement. Whereupon appellant stated that he would offer no evidence and rested.
The case was tried on January 19, 1969. Twenty-one days later, on February 1, 1969, a motion for a new trial was filed by appellant, who again raised the question as to the “absent witness.” This motion was not accompanied by an affidavit of the witness and the witness was never produced nor offered nor does it appear in the record that further process was requested to obtain his presence. It is impossible for us to say under these circumstances that the trial court abused its discretion either in denying the continuance or in overruling the motion for a new trial. It was never shown, by any means recognized by law, that the witness was available or that his testimony would be relevant and material upon the question of the guilt or innocence of appellant.
The remaining question relates to the granting of this instruction:
The Court instructs the Jury for the State that you do not have to know that the defendant is guilty of the crime charged in the indictment before you would be warranted in convicting him; all that the law requires is that you must believe from the evidence, beyond a reasonable doubt, that he is guilty of the crime charged, and if you so believe, *551 then it would be your sworn duty to find the defendant guilty as charged.
We have said in several cases that it would be better not to give the instruction in the above form but that if it were given in that form it would not constitute reversible error. Collins v. State, 202 So.2d 644 (Miss.1967); Walton v. State, 212 Miss. 270, 54 So.2d 391 (1951); Bolin v. State, 209 Miss. 866, 48 So.2d 581 (1950); Allgood v. State, 173 Miss. 27, 161 So. 756 (1935); Sauer v. State, 166 Miss. 507, 144 So. 225 (1932).
The instructions granted the prosecution and defense when read together, fairly stated the law applicable to the issues in the case.
We find no reversible error in the trial of this case and the judgment and conviction must be affirmed.
Affirmed.
GILLESPIE, P. J., and RODGERS, JONES and BRADY, JJ„ concur.