302 So.2d 250 (1974)
Jessie Sanders SPIKES
v.
STATE of Mississippi.
No. 48114.
Supreme Court of Mississippi.
October 28, 1974.
*251 Levingston & Jacks, Cleveland, for appellant.
A.F. Summer, Atty. Gen., by Karen Gilfoy and Vera Madel Speakes, Sp. Asst. Attys. Gen., Jackson, for appellee.
SMITH, Justice:
Jessie Sanders Spikes was indicted for armed robbery. He was tried in the Circuit Court of the Second Judicial District of Bolivar County, convicted, and sentenced to serve a term of twelve years in the penitentiary.
On appeal, three grounds for reversal are assigned. All three challenge the sufficiency of the evidence to support the conviction.
A summary of the salient facts, as disclosed by the record, is as follows: There was evidence that the armed robbery did occur, in broad daylight, the robber was not masked, he was recognized by at least one of his victims, that three or four twenty dollar bills and one ten dollar bill were taken at pistol point, Spikes was positively identified by the victims, who had ample opportunity to observe him during the course of the robbery. There was testimony also that Spikes was arrested during a search of the neighborhood by officers shortly after the crime had been committed, that Spikes had in his pocket a loaded pistol of the general description of the gun used by the robber, and had three twenty dollar bills and a ten dollar bill.
As opposed to this, Spikes denied having committed the robbery, proved that he had been paid sixty odd dollars the day before by his employer, developed certain discrepancies in the description of the clothes the victims had said the robber was wearing, and produced testimony of an alibi, in that, it was said, Spikes had been in a nearby cafe at the time of the robbery.
The above summary of the salient facts in evidence is sufficient to show that there was a factual issue as to Spikes' guilt or innocence of the crime, upon irreconcilably conflicting evidence, both direct and circumstantial, and that the resolution of this issue was peculiarly for the jury as the trier of facts.
By its verdict of guilty, the jury rejected the evidence offered by appellant and accepted that introduced by the prosecution.
The jury was not required to accept this alibi. Its duty was to evaluate the testimony of the witnesses for the State and defendant, and to determine whether the evidence showed beyond a reasonable doubt that appellant was guilty. The State's evidence was contradictory of that of appellant concerning an alibi. It was a jury issue. Newton v. State, 1956, 229 Miss. 267, 90 So.2d 375. (Kelly v. State, 239 Miss. 683, 690, 124 So.2d 840, 842 (1960)).
On appeal, in this situation, in passing upon the sufficiency of evidence to support a verdict, this Court must accept as true the evidence which supports the verdict. Murphree v. State, 228 So.2d 599 (Miss. 1969).
*252 We find, therefore, from the record, that there was ample evidence to support the jury's verdict and that the conviction and sentence appealed from must be affirmed.
Affirmed.
RODGERS, P.J., and PATTERSON, INZER and SUGG, JJ., concur.