WALKER, Justice:
This is an appeal from the Circuit Court of Jefferson Davis County, Mississippi, where the appellant was tried for the crime of murder and convicted of manslaughter. From that conviction and a sentence of twenty years in the state penitentiary, he prosecutes this appeal.
The record presents a classic case of a conflict in evidence to be resolved by the jury. In short, the evidence shows that appellant created a disturbance in a cafe operated by the decedent’s wife and was thereafter ordered to leave by the decedent. The fatal shooting occurred outside the cafe a short time later. On the conflicting testimony of several witnesses, including the defendant, the jury rejected appellant’s claim of self-defense (which also included an element of accident in that he claimed the shotgun discharged accidentally) ; and, also rejected the state’s contention that appellant was guilty of murder by returning a verdict of manslaughter.
We are of the opinion that the verdict was amply justified by the evidence and that the appellant’s contention that the verdict is against the overwhelming weight of the evidence is not well taken.
The appellant also assigns as error that the court erred in allowing two witnesses, Rosie Lee Daughtry and William Sutton, to testify, over his objection, citing as ground therefor that their names were not listed as witnesses on the indictment. We see no merit in this contention; and, the cases cited by appellant are not authority for that proposition. We are, therefore, of the opinion that failure to list the names of prospective state witnesses on an indictment is no bar to their testifying at the trial of the person indicted.
We have held in a number of cases that the validity of an indictment is not affected by not having the names of witnesses for the state listed thereon. Boyd v. State, 253 Miss. 98, 175 So.2d 132 (1965); Kelly v. State, 239 Miss. 683, 124 So.2d 840 (1960).
The appellant’s remaining assignment of error that his Instruction No. 5 should have been granted by the trial court is without merit since the issue of self-defense was submitted to the jury by Instruction Numbers 3, 4, 10, 11 and 12 which were granted.
We have meticulously examined the transcript in this cause and find no reversible error. Therefore, the judgment of the lower court is affirmed.
Affirmed.
RODGERS, P. J., and PATTERSON, INZER and BROOM, JJ., concur.