352 So.2d 1328 (1977)
Henry FORREST
v.
STATE of Mississippi.
No. 50095.
Supreme Court of Mississippi.
December 21, 1977.
*1329 Smith, O'Hare & Atkinson, William E. O'Hare, Cleveland, for appellant.
A.F. Summer, Atty. Gen. by Billy L. Gore, Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, P.J., and LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant appeals his conviction for armed robbery and a life sentence from the Circuit Court of Bolivar County. We affirm. Appellant filed the following assignments of error:
1. The verdict of the jury is contrary to the overwhelming weight of the evidence, and should be reversed and a new trial granted on that ground alone.
2. The testimony for the appellant is clear, convincing, and unimpeached, and fully sustains Defendant's plea of alibi.
3. The Court erred in failing to sustain an objection to prejudicial and inflammatory remarks made by the District Attorney in his closing argument to the Jury, representing certain remarks as being proven facts in evidence in the record, which clearly were not facts in evidence in the record and wholly unsupported by any evidence whatever.
4. The Court erred in refusing to grant a mistrial because of prejudicial and inflammatory remarks made and questions asked by the District Attorney in the presence of the Jury in his cross-examination of the witness James Davis, wherein the District Attorney asked said witness: "Q. You will testify (for the defendant) to anything that is needed to be said?" The overruling by the court of Defendant's motion for mistrial because of said prejudicial and inflammatory false accusations, remarks and questions made by the District Attorney was clearly error.
5. The Court erred in overruling appellant's motion for a new trial.
6. When on appeal, it is determined that several errors were committed by the trial court, none of which, standing alone, would be reversible, yet if when considered together, it appears that the Defendant did not receive a fair trial, in view of all the evidence and the facts and circumstances in the case, a judgment of conviction will be reversed.
Since the appellant contends the verdict is against the overwhelming weight of the evidence and that he had a clear and convincing alibi, we need to discuss the evidence.
On November 18, 1976, Johnny's Package Store in Cleveland was robbed by a black male, wearing a dark overcoat, and carrying a sawed-off shotgun. He wore a tightly fitted "ski cap" over his head, with the face part being covered with some type of greasy substance. At gun point he took approximately $500 from the store attendant, James Hinson. The robbery occurred about 9:50 p.m. Immediately thereafter, Hinson reported the incident to the police. *1330 About ten minutes later, Officer Russell Boatman was at the scene and saw a person fitting the robber's description running between buildings at a school located about a block from the package store. Officer Boatman placed his spotlight on the figure until it disappeared, and at the same time called for reinforcements. These arrived promptly and the school building was searched. No one was found. The officers then went to the roof of the building and, lo and behold, the appellant was found lying on the roof with his hands over his eyes. Two shotgun shells were found in his pocket; a dark colored overcoat and a sawed-off shotgun were found within a few feet of him; and two bundles of money were found close by. Among the bills there were two $50 bills that had been placed in the cash register by the owner of the store as "bait" money in the event the store was robbed. She kept a record of the serial number of these $50 bills. They were found in the bundle laying on the school roof within a few feet of appellant. Appellant had on his face and around his eyes what the officers described as "shoe polish paste." A photograph of appellant was made later and appears in the record with this "paste" still on his face.
There was a positive in-court identification of appellant by James Hinson, the victim of the robbery. He also identified the gun and the coat found near appellant as being similar to those used in the robbery.
Appellant's defense was an alibi. Two witnesses testified that they were with appellant while he changed oil in a car and got grease on his face. One witness testified that he was with appellant at 10:15 or 10:30 p.m.
ASSIGNMENT OF ERROR NO. 1. From the foregoing account of the evidence, it is clear that the jury had ample justification to find appellant guilty and the verdict clearly was not against the overwhelming weight of the evidence.
ASSIGNMENT OF ERROR NO. 2. The jury clearly was justified in finding against appellant on his alibi defense. It is elemental that the State does not have to prove an alibi to be untrue. Its burden simply is to prove beyond a reasonable doubt that the accused was at the package store and that he robbed it. See Dubose v. State, 320 So.2d 773 (Miss. 1975); Kelly v. State, 239 Miss. 683, 124 So.2d 840 (1960); Newton v. State, 229 Miss. 267, 90 So.2d 375 (1956). There was ample evidence for the jury to reject appellant's alibi defense and to find that appellant was guilty of robbery beyond a reasonable doubt.
ASSIGNMENT OF ERROR NO. 3. In his closing argument, the district attorney said the following:
He prepared himself to go in there. This is the worst type crime you can have because you think about an armed robbery. You think about what is going to happen when you go in there, you think about what is going to happen if you pull that trigger. He not only thought about it; he prepared himself for it. He put that shoe polish on his face.
The attorney for appellant stated: "There is no proof of this, no proof." The court then stated: "He has the right to analyze his case. Overrule the objection."
In the first place, there is ample proof, including a photograph, in the record that appellant had shoe polish on his face. In the second place, we are sure that Mr. Hinson was very apprehensive about the trigger of the sawed-off shotgun being pulled. We see no error in this argument.
ASSIGNMENT OF ERROR NO. 4. On cross-examination of witness James Davis, who testified for appellant in an attempt to prove the alibi, the following occurred:
Q. As a matter of fact, he was under arrest at that time, did you know that? Do you know what time he was arrested?
A. He was under arrest at that time? What time?
Q. Do you know that?
A. I don't know. I didn't know he was under arrest. When I found out he had been arrested it was about twelve o'clock the next day. I testified here for him today because I saw him that night.

*1331 Q. Testified to anything that needed to be said, isn't that right?
BY MR. ATKINSON: Object to that.
BY THE COURT: I sustain the objection.
BY MR. O'HARE: Move for a mistrial, your honor.
BY THE COURT: Ladies and gentlemen of the jury, you will disregard the last question asked by the district attorney. Motion for mistrial is overruled.
The record reflects that witness Davis testified he was with appellant about 10:15 or 10:30 p.m. According to the undisputed evidence, the appellant was either lying on the roof of the school building or already under arrest at that time.
Furthermore, the court clearly in its discretion cured any possible error by instructing the jury to disregard the questions and answers. This Court has laid down the general rule that where the trial judge sustains defendant's objection to the remarks and instructs the jury to disregard the statement, the remedial acts of the court are usually sufficient to remove any taint of prejudice. This rule, of course, assumes that the remarks were not so prejudicial that the curative acts of the court were ineffective to remove the prejudice. See Forrest v. State, 335 So.2d 900 (Miss. 1976); Myrick v. State, 290 So.2d 259 (Miss. 1974).
ASSIGNMENTS OF ERROR NOS. 5 and 6. These assignments are without any merit whatsoever. The jury clearly had ample evidence to find the appellant guilty and in fact could have reached no other conclusion.
AFFIRMED.
PATTERSON, C.J., INZER and SMITH, P. JJ., and ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.