BRIDGES, J.,
for the Court:
¶ 1. Curtis Jewel a/k/a Curtis Clay a/k/a Curtis Lee Jewel appears before this Court to appeal his felony DUI conviction in the Coahoma County Circuit Court. During a one day trial by jury conducted on November 18, 1998, Jewel was convicted on three separate counts; Count I charged a felony DUI, Count II alleged chiving with a suspended driver’s license, and Count III accused him of making false statements to a police officer. Immediately following the bifurcated trial, Jewel was sentenced to serve five years for the felony DUI, one year for driving with a suspended driver’s license and six months for making false statements to a police officer. Both parties stipulated that Jewel had been convicted on at least two prior incidents of driving under the influence of intoxicating liquor, thus making him eligible to be sentenced under the habitual offender statute. Under Miss. Code Ann. § 99-19-81 (Rev.1994),[1] Jewel qualified as a habitual offender and was sentenced accordingly. The sentence imposed for Count I is to run consecutive to all previously imposed sentences, while sentences imposed in Counts II and III are to run concurrently with the sentence in Count I. Jewel asks this Court for relief based upon the following alleged error at trial
I. WHETHER THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE PRESENTED AT TRIAL CAN SUPPORT A GUILTY VERDICT FOR COUNT I OF THE INDICTMENT
Believing it can, we affirm.
FACTS
¶ 2. Jewel was driving to work on November 2, 1998, around 6:00 p.m. He noticed a roadblock a quarter of a mile up the road he was traveling. Jewel immediately turned his yellow Camaro around in the middle of the road and drove in the opposite direction at a high rate of speed, up to seventy-five miles per hour, weaving across lane markers. Two police officers manning the blockade gave chase, eventually catching him. Jewel pulled over, exited the car from the driver’s side and spoke with the officers. A quick check through the National Crime Information Center computer revealed that Jewel lied to the officers by giving them the fake name “Freddy Williams”and a fake social security number. Jewel further deceived the police when he told them that he did not have his driver’s license with him, when in fact, he had a suspended driver’s license and an expired driver’s permit in the name “Ctatis Clay”.
*1288 ¶ 3. During their colloquy with Jewel, the officers noticed his eyes were bloodshot, his speech was slurred, and he appeared unsteady on his feet. The police smelled the odor of intoxicating beverages on his breath and in his car. A cursory investigation of the car revealed an empty cup that smelled of alcohol wedged between the driver’s side door and driver’s seat and a bottle of Crown Royal bourbon lying empty in the back seat. When the officers asked Jewel to take an intoxilyzer test to determine his blood-alcohol content, he refused. From this physical evidence and Jewel’s demeanor at the scene, the officer’s determined he was operating the vehicle under the influence of alcohol and arrested him.
STANDARD OF REVIEW
¶ 4. Jewel challenges his conviction and five year prison sentence based upon a claim that the weight and sufficiency of the evidence were unable to support his conviction. The standards of review regarding challenges to the weight and sufficiency of the evidence supporting a jury verdict are well documented.
¶ 5. The challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion. McClain v. State 625 So.2d 774, 781 (Miss.1993). New trial decisions rest in the sound discretion of the trial court, and the motion should not be granted except to prevent an unconscionable injustice. McClain, 625 So.2d at 781. Reversal should only be considered if the trial court abused its discretion. On review, the appellate court should accept as true all evidence favorable to the State. Id. at 781. Matters regarding the weight and credibility of the evidence are to be resolved by the jury. Neal v. State, 451 So.2d 743, 758 (Miss.1984); Gathright v. State, 380 So.2d 1276, 1278 (Miss.1980). The appellate courts are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence considered is such that reasonable and fair-minded jurors could only find the accused not guilty. Fisher v. State, 481 So.2d 203, 212 (Miss.1985).
¶ 6. Jewel’s motion to set aside the conviction notwithstanding the verdict is essentially a motion for judgment notwithstanding the verdict (JNOV). Three challenges (motion for directed verdict, request for peremptory instruction, and motion for JNOV) challenge the legal sufficiency of the evidence. Since each requires consideration of the evidence before the court when made, the appellate court should properly review the ruling on the last occasion the challenge was made in the trial court. In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. Esparaza v. State, 595 So.2d 418, 426 (Miss.1992); Harveston v. State, 493 So.2d 365, 370 (Miss.1986); May v. State, 460 So.2d 778, 780-81 (Miss.1984); Callahan v. State, 419 So.2d 165, 174 (Miss.1982). The credible evidence consistent with the defendant’s guilt must be accepted as true. Spikes v. State, 302 So.2d 250, 251 (Miss.1974). The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence. Hammond, v. State, 465 So.2d 1031, 1035 (Miss.1985).
LEGAL ANALYSIS
I. WHETHER THE WEIGHT AND SUFFICIENCY OF THE EVIDENCE PRESENTED AT TRIAL CAN SUPPORT A GUILTY VERDICT FOR COUNT I OF THE INDICTMENT
¶ 7. At trial, Jewel testified and denied much of the testimonial evidence given by the police officers on behalf of the State. He also offered his wife as a witness to testify that the bottle of Crown Royal belonged to her. However, the police officers testified that Jewel fled from the road block at a high rate of speed, *1289 gave them a false name and false social security number, exhibited bloodshot eyes and slurred speech, and appeared unsteady on his feet. The police also testified that they smelled the scent of alcohol both on Jewel and in his car, where they found an empty cup and bottle, both tainted with the aroma of bourbon. When all of this testimony is taken as true with all reasonable inferences, as it must be under the standards enumerated above, the evidence presented at trial is more than sufficient to support a conviction for felony DUI. Therefore, the decision of the lower court is affirmed.
¶ 8. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF THE CONVICTION OF COUNT I FELONY DUI AND SENTENCE OF FIVE YEARS AS AN HABITUAL OFFENDER; COUNT II DRIVING WITH A SUSPENDED DRIVER’S LICENSE AND SENTENCE OF ONE YEAR AS AN HABITUAL OFFENDER TO RUN CONCURRENTLY WITH THE SENTENCE IN COUNT I BOTH TO BE SERVED WITH THE MISSISSIPPI DEPARTMENT OF CORRECTIONS; COUNT III MAKING FALSE STATEMENTS AND SENTENCE OF SIX MONTHS TO RUN CONCURRENTLY WITH THE SENTENCES IN COUNT I AND COUNT II TO BE SERVED IN THE CUSTODY OF THE COAHOMA COUNTY JAIL IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
MeMILLIN, C.J., KING AND SOUTHWICK, P.JJ., DIAZ, IRVING, LEE, MOORE, PAYNE, AND THOMAS, JJ„ CONCUR.

. The above referenced statute reads as follows:
§ 99-19-81 (Rev.1994) — Habitual criminals: maximum term
Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.