970 So.2d 251 (2007)
James D. LEWIS, Appellant
v.
STATE of Mississippi, Appellee.
No. 2006-KA-02088-COA.
Court of Appeals of Mississippi.
December 11, 2007.
*252 Carolyn R. Benson, Fulton, attorney for appellant.
Office of the Attorney General by Stephanie Breland Wood, attorney for appellee.
Before KING, C.J., BARNES and ISHEE, JJ.
BARNES, J., for the court.
¶ 1. James D. Lewis was convicted of aggravated assault in the Circuit Court of Itawamba County. He appeals asserting as a single issue that the trial court erred in failing to grant his motion for judgment notwithstanding the verdict ("JNOV") or, in the alternative, a new trial. Finding no error, we affirm.

FACTS
¶ 2. On the evening of June 10, 2006, at approximately 8:30 p.m., Webb Leveck and his son, Justin Leveck, were at their home in Mantachie, Mississippi watching a movie. Justin was approximately fifteen years old at the time. Webb, a truck driver, was preparing to "go on a run." Webb had full legal custody of Justin, but Justin's mother, Tammy Leveck, customarily stayed with Justin when Webb was on the road. Webb testified that on that evening Tammy came inside the home while in an intoxicated state, used the restroom, and went back outside. From past history, Webb feared Tammy would take the carton of cigarettes and/or the satchel of clothes that he customarily put in the truck before leaving, and he asked Justin to come outside with him while he locked his truck.
¶ 3. Webb further testified that as he and Justin were locking the truck, Danny Lewis got out of a parked car about twenty-five feet from the truck and told Webb that he should treat Tammy better. Webb told Lewis to leave his property. Webb noticed Lewis hiding something in his hand and told Justin to go in the house and get a baseball bat. Justin did so. More angry words were exchanged, and then, according to Webb, Lewis cut him across the stomach with a knife, and Webb "knocked the hell out of him with the baseball bat." Justin's testimony corroborated Webb's account that Lewis got out of the car and appeared to be holding something. Justin added that he broke up the fight by pulling his father away from Lewis and then took the knife and threw it away from the melee.
¶ 4. Lewis and Tammy testified for the defense. They both said that they had been sitting in a car parked outside the house waiting for Webb to leave. They also admitted to having consumed beer earlier in the day, and to drinking another "beer or two" in the car, but they denied being intoxicated. Their testimony similarly recited the tale of Tammy's going in the home to use the restroom, and later seeing Webb and Justin come out of the house as they sat in the car. According to them, however, Webb started the confrontation by accosting them while they sat in the car and, using profanity, telling Lewis to leave his property. Lewis said he exited the car and told Webb he would leave, but Webb, threatening to kill Lewis, told Justin to get the bat. Lewis and Tammy *253 both testified that the first blow struck was by Webb when he hit Lewis in the head with the baseball bat without anything more than verbal provocation, and that Lewis then cut Webb while acting in self-defense.

ANALYSIS
¶ 5. A directed verdict and a motion for JNOV both challenge the sufficiency of the evidence presented to the jury. McClain v. State, 625 So.2d 774, 778 (Miss. 1993). The standard of review is the same: this Court is required "to reverse and render where the facts point overwhelmingly in favor of the appellant that reasonable men could not have found appellant guilty." McClendon v. State, 852 So.2d 43, 46-47(¶ 11) (Miss.Ct.App.2002) (citing Baker v. State, 802 So.2d 77, 81(¶ 13) (Miss.1995)). Alternatively, this Court is required to affirm the trial court's denial "where substantial evidence of such quality and weight exists to support the verdict and where reasonable and fair minded jurors may have found appellant guilty." Id. at 47(¶ 11). The standard of review requires this Court to consider the evidence in the light most favorable to the State, giving the State "the benefit of all favorable inferences that may be reasonably drawn from the evidence." Id. All credible evidence supporting the defendant's guilt should be accepted as true. McClain, 625 So.2d at 778 (citing Spikes v. State, 302 So.2d 250, 251 (Miss.1974)).
¶ 6. On the other hand, a motion for a new trial challenges the weight, not the sufficiency of the evidence. Purnell v. State, 878 So.2d 124, 129(¶ 18) (Miss.Ct. App.2004) (citing Smith v. State, 802 So.2d 82, 85-86(¶ 11) (Miss.2001)). Our Court reviews the trial court's denial of a motion for a new trial under an abuse of discretion standard. Johnson v. State, 904 So.2d 162, 167(¶ 11) (Miss.2005). Our Court "will only disturb a verdict when it is so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice." Bush v. State, 895 So.2d 836, 844(¶ 18) (Miss.2005) (citing Herring v. State, 691 So.2d 948, 957 (Miss.1997)). The evidence will be analyzed "in the light most favorable to the verdict." Id.
¶ 7. It is well settled that where evidence conflicts, the resolution of the conflicts are for the jury to determine, and the province of the jury will only be intruded upon in rare instances. Johnson, 904 So.2d at 162(¶ 10) (Miss.2005) (citing May v. State, 460 So.2d 778, 781 (Miss. 1984)). In this case, Webb and Justin's testimony was that Lewis initiated the fight, and Webb hit Lewis with the bat in self-defense. Lewis and Tammy's testimony was in direct contradiction, as they said Webb hit Lewis with the bat before Lewis cut Webb. The jury found Webb and Justin's testimony to be more credible. An appellate court does not know what factors influenced a jury, but in this case it is inescapable that Lewis admitted that he and Tammy had been consuming alcohol and he returned to the car to retrieve his pocket knife, rather than to leave, when he saw Webb armed with a baseball bat. Tammy's testimony is fraught with contradictions and defensive answers going to alcohol consumption, how she and Lewis arrived at the house, and how Lewis intended to leave.
¶ 8. Regarding the sufficiency of evidence, there is nothing in this record showing that the jury was unfairly prejudiced or that substantial evidence was lacking to sustain the verdict. The evidence, reviewed in the light most favorable to the State, proves reasonably minded jurors could have found Lewis guilty of aggravated assault beyond a reasonable doubt. Furthermore, the weight of the *254 evidence is not contrary to the verdict and does not sanction an unconscionable injustice. The trial court did not abuse its discretion in denying a new trial. This issue is without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF ITAWAMBA COUNTY OF CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF TWENTY YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITH TEN YEARS SUSPENDED AND FIVE YEARS OF POST-RELEASE SUPERVISION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO ITAWAMBA COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, CHANDLER, GRIFFIS, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.